TERESA BERTELLI *vs.* JOHN TRONCONI.

Hampden.    May 23, 1928.— June 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Gross, Motor vehicle. *Evidence,* Competency. *Practice, Civil,* Exceptions.

At the trial of an action of tort for personal injuries, the plaintiff, a woman, testified that her brother, the defendant, called at her house to take her home with him for a visit; that she got into an automobile operated by him; that it was a rainy and foggy night, the windshield was blurred and she could not see through it; that the windshield had no wiper; that the defendant wiped it once outside and inside and put his head out to look ahead every little while; that he drove "very fast"; and that on the way to his house the automobile collided with another motor vehicle, causing her injuries. The judge ruled without objection that the plaintiff was the defendant's guest. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant. *Held,* that

(1) To recover, the plaintiff must prove the defendant guilty of gross negligence;

(2) Such a finding not being warranted by the evidence, the verdict properly was ordered for the defendant.

At the trial above described, the judge admitted over the plaintiff's exception a paper which she admitted she had signed, and which included a

statement that she did not "blame . . . [the defendant] for the accident in any way as he was driving slow." *Held,* that

(1) The paper was competent to contradict the plaintiff's testimony that the defendant drove the automobile "very fast";

(2) In view of the evidence, the plaintiff could not have recovered if the paper had been excluded; and the exception must be overruled.

TORT for personal injuries. Writ dated November 20, 1925.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence is stated in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant, and the plaintiff alleged exceptions.

The case was submitted on briefs.

*S. Martinelli,* for the plaintiff.

*E. D. Hooker & S. Adams,* for the defendant.

CROSBY, J. This is an action to recover for personal injuries, received by the plaintiff while riding in an automobile driven by the defendant. All the material evidence respecting the conduct of the defendant in the operation of the automobile is contained in the testimony of the plaintiff and of her daughter Josephine, who was fifteen years of age.

The plaintiff testified, in substance, that the defendant was her brother, and that on the night of the accident he called at her house on Margaret Street, in Springfield, to take her to his home in Agawam for a visit; that she and her three children went with him; that it was a dark night and was raining; that after they left her house it rained harder; that they travelled along Columbus Avenue in Springfield and when they arrived at the intersection of that avenue with Court Street, and at a point opposite the fire station, the automobile collided with a Ford truck and she was injured; that as the automobile proceeded to Columbus Avenue, she said to the defendant, "You better turn back; I am afraid to come"; that he replied, "O, that is nothing; we will get to my house very quick"; that the automobile was going very fast as the defendant was in a hurry to get home; that there was no cleaner on the wind shield, and she could not see through it; that before the collision the defendant wiped the shield on the outside and inside with his handkerchief

and every little while he would stick his head out and look ahead; that it was a foggy night and the wind shield was blurred by fog and rain; that she was relying on the defendant for her safety, and that she also was looking out for herself. The testimony of the plaintiff's daughter did not contradict that of her mother. The presiding judge ruled that the plaintiff was a guest of the defendant. No exception was taken to this ruling, which must be held to be correct.

At the conclusion of the evidence offered by the plaintiff, the defendant rested and filed a motion that a verdict be directed in his favor for the following reasons: (1) "Upon the law; the pleadings and the evidence the plaintiff cannot recover"; and (2) "The plaintiff has offered no evidence of the defendant's gross negligence." To the allowance of this motion the plaintiff excepted.

As the plaintiff at the time of the accident was riding in the automobile as a guest of the defendant, in order to recover she was obliged to prove gross negligence of the defendant in the operation of the automobile. It is plain that upon the evidence most favorable to the plaintiff a finding of gross negligence would not have been justified. The description of the speed as "very fast" falls far short of showing a rate of speed that was dangerous or so excessive as to warrant a finding that the conduct of the defendant was grossly negligent. The facts that it was dark and raining hard and that the wind shield was not equipped with a cleaner did not tend to prove gross negligence and manifest violation of the legal duty required to establish such negligence, as that term has been defined by decisions of this court. *Massaletti* v. *Fitzroy,* 228 Mass. 487. *Altman* v. *Aronson,* 231 Mass. 588, 591. *Burke* v. *Cook,* 246 Mass. 518. *Shriear* v. *Feigelson,* 248 Mass. 432. *Marcienowski* v. *Sanders,* 252 Mass. 65, 68. The case is distinguishable from *Healy* v. *O'Riley,* 257 Mass. 413, *Manning* v. *Simpson,* 261 Mass. 494.

The exception to the admission of the written statement signed by the plaintiff and her daughter Josephine cannot be sustained. It contained a recital of what occurred at the time of the accident, and included the statement that the

plaintiff and her daughter did not "blame . . . [the defend-
ant] for the accident in any way as he was driving slow."
The plaintiff admitted that she signed the statement. It
was admissible to contradict her testimony that the auto-
mobile was going "very fast." As there was no evidence
to warrant a finding of gross negligence, the plaintiff would
not be entitled to recover even if the paper had been excluded.

*Exceptions overruled.*