JOSEPHINE L. BRODERICK *vs.* JOHN LYONS.

Essex.     November 9, 1928. — February 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle.

At the trial of an action of tort against the operator of an automobile for
personal injuries sustained by one riding on its rear seat, a finding that
the defendant was negligent was not warranted on testimony that he
drove slowly and carefully along a part of the way which was under
repair and which was somewhat below the level of the rest of the way,
until he came to a point where it was necessary to ascend to the usual
level of the way; and that, as the front wheels of the automobile
reached that level, its speed was increased somewhat, and there was a
sudden jounce of the rear wheels, which threw the plaintiff against the
framework at the top of the automobile.

TORT for personal injuries.  Writ dated August 3, 1927.

Material allegations in the declaration and evidence at
the trial in the Superior Court before *Gray*, J., are described
in the opinion.  At the close of the plaintiff's evidence, the
judge ordered a verdict for the defendant on each count of
the declaration.  The plaintiff alleged exceptions.

*J. A. Donovan*, (*D. J. Sullivan* with him,) for the plaintiff.

*H. R. Mayo*, for the defendant.

WAIT, J.  The plaintiff contends that there was error
in the direction of verdicts for the defendant.

The material allegations of the first count of the declara-
tion are that while a passenger by his invitation in an auto-
mobile owned and driven by the defendant, the plaintiff was
injured in consequence of his gross negligence; and, of the
second count, that the defendant requested the plaintiff to
go with him to Boston to assist him in making preparation
for the burial of a relative, and that, while going thither, in
an automobile owned and driven by him, he managed the
automobile so negligently that she was injured.

The only evidence to prove negligence of any kind was
that at a place where the highway in Winchester was under

repair, the defendant drove slowly along a roughened hollow in the way until, at the point where it was necessary to ascend to the usual level of the way, a sudden and severe jolt bounced the plaintiff, who was sitting in the rear seat, upward against the frame work of the top of the automobile. The speed of the car was increased somewhat as the front wheels came upon the regular macadam surface so that the rear wheels jounced. There were four passengers in the vehicle. There was no evidence that any one else was severely shaken. The plaintiff testified that "so far as driving along there was concerned it seemed all right; everything seemed all right until the bump came." Until the bump, "Mr. Lyons' driving had been careful and all right. . . . She had noticed the bump coming . . . . She could see ahead, and see it, and she saw there was a bump there, but said nothing about it. . . . she had no idea in her mind but that the defendant was driving carefully and properly until after her injury had been received."

Nothing more than a bounce as the car ascended to the level of the undisturbed surface of the road is shown to indicate lack of care. The speed of the vehicle did not seem unreasonable even to the plaintiff. She does not introduce evidence of any lack of attention on the part of the driver. Although a jounce may be some evidence of negligence when taken in connection with other evidence, — as of excessive speed, failure by the driver to maintain a proper lookout, of careless handling of the machine, — when it stands alone, it is not enough to sustain a finding of negligence.

Inasmuch as there was no sufficient evidence of negligence, the verdicts on both counts were directed properly, and it is not necessary to consider whether the plaintiff was other than a guest.

*Exceptions overruled.*