## JOSEPH BANK *vs.* HARRY SATRAN.

Suffolk. ˌNovember 9, 1928. — February 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Gross, Motor vehicle, In use of way. *Evidence,* Presumptions and burden of proof.

Evidence, that one operating a large closed automobile on a way on which there was snow turned a corner into a side street at twenty miles an hour, whereupon the automobile skidded and collided with another motor vehicle; that the suggestion had been made to the operator one or more times previous to the accident that he was driving faster than was safe in the circumstances; that he thereupon had driven more slowly for a time and then had increased the speed of

the automobile again, did not warrant a finding of gross negligence on the part of the operator necessary to the maintenance of an action of tort against him by one who had been riding as his guest on the rear seat of the automobile and who sustained personal injuries when he was thrown out of it into the street by the collision.

TORT for personal injuries. Writ in the Municipal Court of the City of Boston dated May 18, 1926.

On removal to the Superior Court, the action was tried before *Williams*, J. The plaintiff testified that he was sitting in the rear seat of the defendant's automobile. Other material evidence for the plaintiff is stated in the opinion. The defendant rested at the close of the plaintiff's evidence, and the jury found for the plaintiff in the sum of $251. Thereafter, upon a motion by the defendant, a verdict was entered in his favor and the plaintiff alleged an exception.

*E. P. Benjamin*, for the plaintiff, submitted a brief.

*W. I. Badger*, for the defendant.

WAIT, J. The only question argued on the bill of exceptions is whether the evidence will sustain a finding of gross negligence.

The plaintiff was a guest in the motor vehicle of the defendant. He was injured but can recover only if gross negligence is established. *Manning* v. *Simpson*, 261 Mass. 494.

There was evidence that, in rounding a corner, the automobile skidded and brought up against a motor omnibus. A slight snow was falling. There was snow in the highway. The plaintiff and another passenger, one or more times during the ride and before the accident, had suggested to the defendant that he was driving faster than was safe in view of the condition of the roads and the weather. He had thereupon driven more slowly for a time and then increased his speed. Where the accident occurred he was moving at a speed of twenty miles an hour in driving a big, closed car around a corner, swinging into a side street. The vehicle did not overturn, but the plaintiff was, as he says, thrown from it to the street and a rear wheel was broken off as it collided with the omnibus.

Such evidence, it is admitted, is abundant to justify a

finding that the defendant drove carelessly; but it is contended, that it does not show the striking disregard of the danger of probable injury, the indifference to present legal duty, which is essential to the proof of gross negligence. *Altman* v. *Aronson*, 231 Mass. 588.

The contention is sound. The passengers earlier had been alarmed at the speed, but that is not conclusive that it was unsafe. Twenty miles per hour was not thought a grossly negligent speed in *Burke* v. *Cook*, 246 Mass. 518, and *Marcienowski* v. *Sanders*, 252 Mass. 65. "Very fast" falls far short of proving gross negligence, *Bertelli* v. *Tronconi*, 264 Mass. 235, although the weather was dark and rainy. There is nothing in the evidence to show that the position of the omnibus in the street required especial care on the defendant's part in regulating his speed. Nothing but a speed of twenty miles at a turn appears to indicate lack of care. That in the opinion of a majority of the court is not enough to justify a finding of gross negligence. In *Terlizzi* v. *Marsh*, 258 Mass. 156, the driver knew that small children were standing upon the running board — not seated in the tonneau of a closed car. Skidding alone is not even evidence of negligence. *Williams* v. *Holbrook*, 216 Mass. 239.

It follows that the judge was not in error, and the order must be

*Exceptions overruled.*