ANTOINETTE ROG *vs.* MARCEL ELTIS.

Bristol. December 11, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Gross, Motor vehicle.

At the trial of an action of tort for personal injuries, in which the plaintiff, a woman, alleged that the defendant was guilty of gross negligence, there was evidence that the plaintiff was riding as a guest in an automobile operated by the defendant on a rainy night; that, on his parking the car and attempting familiarities with her, she tried to get out and walk, whereupon he pulled her back into the automobile, started it and drove it at a speed of forty-five miles an hour; that she requested him to slow down, but that he did not slacken speed and put one arm around her, so that he had only one hand on the wheel; that the automobile then went off the road and the plaintiff was injured; and that the defendant had no license to operate motor vehicles. *Held*, that a finding of gross negligence on the part of the defendant was warranted.

TORT. Writ dated October 1, 1927.

Material evidence at the trial in the Superior Court before *Collins*, J., is stated in the opinion. The judge refused to order a verdict for the defendant. The jury found for the plaintiff in the sum of $6,500. The judge reported the action for determination by this court.

*E. Field*, for the defendant.

*D. R. Radovsky*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff through the gross negligence of the defendant while she was riding as his guest. There was evidence tending to show that the plaintiff, having known the defendant

for about a year, in response to his invitation, at about a quarter before eight of a June evening went to ride with him in his automobile; that he drove her to Taunton just for a ride and coming back parked on the side of a road off the main highway and "tried to make love to her"; that he attempted indecent familiarities while she was in the car; that she asked him to take her home and that he did not start but "tried to get around her"; that she made an attempt to get out of the automobile and walk and he pulled her in and started up; that after they got on the main highway again he started speeding; that the plaintiff "noticed the speedometer registering 45. I got scared and I asked him to stop going so fast"; that it was a rainy night; that it was raining at the time she threatened to get out of the car; that when she told him to slow down there was no lessening of speed and "he put his arm around me and tried to draw me to him but I stiffened in my seat. Then I don't remember any more"; that when the automobile was going at forty-five miles an hour, the defendant had two hands on the wheel, but when the plaintiff asked him to slow down he put one arm around her and tried to draw her to him so that he had only one hand left on the wheel; that then the automobile went off the road; that alongside the cement there was a tar road about three feet wide, and then a dirt road to the bushes; that the automobile hit some saplings that were beside the dirt part of the road and about seven or eight feet from the cement; that the automobile went off the road, hit some saplings and then the plaintiff did not remember anything until the automobile was on the other side of the road standing on its four wheels in a ditch about seven or eight feet from the cement part of the road. The plaintiff suffered severe injuries by reason of this accident. The defendant testified that he had no license to operate at the time he was driving this automobile, and that the weather was "kind of drizzling, kind of foggy." He offered some explanation of the accident but of course the jury were not bound to believe his testimony in this particular.

This testimony, if believed by the jury, was sufficient to warrant a finding of "gross negligence" on the part of the

defendant within the meaning of those words as defined in *Altman* v. *Aronson,* 231 Mass. 588. Having no license to operate, it was of itself a crime on the part of the defendant to attempt to operate the automobile on the public way. G. L. c. 90, § 10, as amended by St. 1923, c. 464, § 4. (See now St. 1929, c. 262.) His other conduct was sufficient to show that he was utterly neglectful of his duties both to his guest and to the public in operating the car at the time of and shortly before the accident. His separate acts need not be evaluated and the appropriate degree of fault ascribed to each. On the evidence as a whole he well might have been found guilty of wilful and wanton misconduct in gross violation of the rights of the plaintiff. See *Cieplinski* v. *Severn,* *ante,* 261. The case rightly was submitted to the jury on the question of gross negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487. *Flynn* v. *Lewis,* 231 Mass. 550. *Terlizzi* v. *Marsh,* 258 Mass. 156. *Manning* v. *Simpson,* 261 Mass. 494. The case is quite distinguishable in its facts from cases like *Burke* v. *Cook,* 246 Mass. 518; *Shriear* v. *Feigelson,* 248 Mass. 432; *Marcienowski* v. *Sanders,* 252 Mass. 65; *Bertelli* v. *Tronconi,* 264 Mass. 235, and *Bank* v. *Satran,* 266 Mass. 253.

In accordance with the terms of the report the entry must be

*Judgment on the verdict.*