ANNIE McKENNA *vs.* ANDREW J. SMITH.

Middlesex.    February 2, 1931. — March 31, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON,
& FIELD, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

Evidence, at the trial of an action for personal injuries by a guest in an
automobile against the driver, which showed that the defendant
drove the automobile at a speed of between thirty-five and forty miles
an hour on a crowned country road eighteen to twenty feet in width
with which he was not familiar and which was slippery by reason of a
recent rain and had curves of a particularly dangerous character;
that the automobile twisted and swerved as it went around the curves;
that, when driving around a dangerous curve, he saw a horse and
wagon about thirty feet away coming from the opposite direction, the
approach of which he could not have seen before; and that he applied
the brakes, whereupon the automobile skidded and turned over and
its door and windshield were smashed and the top and steering wheel
broken, while warranting a finding of negligence, was not enough to
warrant a finding of gross negligence, although the plaintiff previously
during the progress of the automobile on the road had objected to the
rate of speed.

TORT for personal injuries.  Writ dated December 24,
1927.

In the Superior Court, the action was tried before *P. J.
O'Connell*, J.  Material evidence is stated in the opinion.
There was a verdict for the plaintiff in the sum of $2,100.
The defendant alleged exceptions.

The case was argued at the bar in February, 1931, before *Rugg*, C.J., *Crosby*, *Pierce*, *Sanderson*, & *Field*, JJ., and afterwards was submitted on briefs to all the Justices.

*A. Donahue*, for the defendant.

*J. S. O'Neill*, for the plaintiff.

PIERCE, J. This is an action of tort brought by the plaintiff against the defendant to recover damages for injuries sustained by her in her person and to her property, which were caused, as alleged, by the grossly negligent manner in which the defendant drove his automobile on a public highway while the plaintiff was his guest. At the close of the evidence the defendant moved for a directed verdict in his favor; the motion was denied and the defendant's exceptions were noted. All the material evidence so far as the question of liability is concerned is contained in the bill of exceptions. No exceptions are shown by the record to have been taken to the charge, and it is presumed to have been full and accurate. The jury found for the plaintiff.

The reported evidence in its aspect most favorable to the plaintiff's contention warranted the jury in finding, in substance, the following facts: On or about July 28, 1925, the plaintiff, then at the home of the defendant, was invited by him to ride in his automobile with him, with his son and a lady, from Worcester, Massachusetts, to Nashua, New Hampshire, and return. They left Worcester, the defendant driving, at about a quarter of six on the morning of July 28, 1925, and arrived at Nashua at about 7 A.M. It had rained during the night and it was raining, dark and misty when they left Worcester. The roads over which they travelled were wet and slippery. Sometime after they left Worcester the clouds commenced to break and it had cleared up when they arrived at Nashua. On the return journey the defendant drove the automobile on the State highway from Nashua to Tyngsborough, then turned onto an oiled, dirt and gravelled road that ran through Dunstable and Pepperell. This road from Tyngsborough was from sixteen to twenty feet in width, was narrower than the State road, was crowned in the center, was winding, contained many

uneven curves, went through a country partially wooded and partly farm land, and was very slippery because of the rain of the preceding night. The automobile as it went around the curves twisted and swerved. At a point about eight miles from Tyngsborough on this country road, hereinafter called Pleasant Street, as one goes through the town of Dunstable in the direction of Pepperell there is an "S-combined" curve, which "is about the worst curve on the road," with a gradual ascent on the second curve; this ascent disappears around the bank at the right and the grade then drops abruptly. Before approaching Hollis Street, shown on the plan, there is a curve in the highway that runs to the left and a curve at Chapman's barn, shown on the exhibit, runs to the right. As shown on the plan there is a gradual ascent as one approaches the curve at the Chapman barn, and the summit of the grade as one goes towards Pepperell would be about opposite a barn on the right beyond the Chapman barn. At the point where the accident happened there is a wall which is broken at the foot of a bank before one reaches the curve.

Immediately before the accident, as the automobile approached the curve at the Chapman barn, it was travelling from one side of the road to the other at a speed of between thirty-five and forty miles an hour. As the defendant was turning at the curve at the Chapman barn, and just as he struck the bend in the road he saw a horse and wagon about thirty feet away approaching at a walk on the left side of the road. The defendant started to pull his wheels slightly towards the left of the road, and at the same time the man in the wagon started to walk his horse across the road to the defendant's left; the defendant then applied his foot and emergency brakes with the result that the automobile "swerved," "turning" and "twisting," and "skidded," "careened" and "turned over" on its left side about a car's length from the horse and wagon, smashing the door and windshield of the automobile, breaking the top and breaking off the steering wheel.

The jury on the evidence was warranted in finding that the plaintiff spoke to the defendant about the speed of the

automobile when it turned onto the road at Tyngsborough and a second time when it was making the curve opposite Chapman's barn; that the defendant was not familiar with the roadway from Tyngsborough to the place where the accident happened; that he had never driven over the road before; that he knew it was not as safe a road as the type of road he had been driving over from Nashua to Tyngsborough and was more dangerous, particularly when oiled and wet; that as he proceeded along that road he found there were many curves, that the road was narrower than the one from Nashua and was somewhat crowned; that he could not see around the curve and did not anticipate any horse and wagon on his side as he approached or on any side.

The evidence reported would not have warranted the jury in finding that the defendant drove his automobile without due care over Pleasant Street, between the State road in Tyngsborough and Hollis Street. The jury on the evidence reported could properly have found that the defendant was negligent in driving over the part of the road between Hollis Street and the place of the accident at a speed of thirty to forty miles an hour, if consideration be given to the facts supported by the evidence that the place where the accident happened was of a particularly dangerous character, even if it were dry and not slippery, by reason of the facts in combination that the road was crowned at the center, was only eighteen to twenty feet in width, that the curves were sharp, and that the view of the defendant beyond the curves was obstructed.

The evidence, however, did not warrant the jury in finding gross negligence on the part of the defendant upon the mere fact that he drove the automobile on the road such as it was at the rate of forty miles an hour, from the fact that the plaintiff objected to the rate of speed at which the automobile was driven on Pleasant Street, from the fact that at the time the automobile came around the curve where the accident happened it was going from side to side of the travelled way, from the fact that it skidded and went over on its side when it was turned to the left and the brakes

applied to avoid a collision with the oncoming horse and wagon, for the reason that no one of these facts or any combination of them showed a reckless disregard of a plain duty to the public or a heedless and palpable violation of legal duty to the plaintiff. *Loftus* v. *Pelletier*, 223 Mass. 63. *Burke* v. *Cook*, 246 Mass. 518. *Marcienowski* v. *Sanders*, 252 Mass. 65. *Bank* v. *Satran*, 266 Mass. 253. *Cook* v. *Cole*, 273 Mass. 557, 561. The case is distinguishable from *Rog* v. *Eltis*, 269 Mass. 466, and *Learned* v. *Hawthorne*, 269 Mass. 554.

In the opinion of a majority of the court the defendant's exceptions must be sustained, and judgment be entered for the defendant under G. L. c. 231, § 122.

*So ordered.*