JENNEY MEENEY *vs.* EDWIN J. DOYLE.

DAVID T. MEENEY *vs.* SAME.

Essex. April 8, 9, 1931. — June 25, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Gross, Motor vehicle. *Practice, Civil*, Ordering verdict.

A finding that the defendant was guilty of gross negligence, and a finding for the plaintiff, were warranted at the trial of an action of tort for personal injuries suffered by a woman while riding as the guest of the defendant in an automobile driven by him, where there was evidence that the defendant was driving on a dark night on a part of a way which he knew to be about three feet higher than the land at the sides and to be guarded by boulders, solidly embedded and dangerous to strike, placed on each side of the way somewhat apart to safeguard travel, and knew that the window of the automobile was open, admitting a wind which had blown sparks upon the plaintiff from a cigarette which he had been smoking, as she sat behind him, causing her annoyance not only because of possible injury to her clothing but also from fear lest it distract his attention from the road; that, while moving at a rate of twenty-five miles an hour, he took his eyes from the road, lit another cigarette, turned toward the plaintiff, inquired about sparks again flying in her direction and did not turn back to see where he was going before his automobile veered to its right and struck the boulders, moving one of them about twenty feet.

At the trial of the action above described, it was proper for the judge to refuse to rule that "There is no evidence of excessive or unlawful speed in this case."

Although a trial judge has power to order a verdict for the defendant at the close of the opening statement of counsel for the plaintiff, he is not, as matter of law, obliged to do so: in the exercise of his discretion he may refuse to do so.

If a defendant does not rest before he moves that a verdict be ordered in his favor at the close of an opening statement to the jury by counsel for the plaintiff, he has no standing to complain of a ruling denying his motion, even if such denial was erroneous.

TWO ACTIONS OF TORT, the first for personal injuries suffered as stated in the opinion, and the second by the husband of the plaintiff in the first action for consequential damages. Writs dated October 1, 1928.

In the Superior Court, the actions were tried together before *Pinanski*, J. Material evidence and proceedings at the trial are described in the opinion. There were verdicts for the plaintiffs, respectively, in the sums of $1,250 and $200. The defendant alleged exceptions.

*R. E. Blake*, for the defendant.

*J. J. Ronan*, (*M. J. Reardon* with him,) for the plaintiffs.

WAIT, J. The female plaintiff was injured while riding as the guest of the defendant in an automobile driven by him. To recover she must show that he was grossly negligent. It must appear that the accident was due to something more than simple carelessness, something which has in it elements of "indifference to present legal duty," of "utter forgetfulness of legal obligations so far as other persons may be affected," of "heedless and palpable violation of legal duty respecting the rights of others," of "manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence," of "the omission of even such diligence as habitually inattentive and careless men do not fail to exercise in avoiding danger to their own person or property." *Altman* v. *Aronson*, 231 Mass. 588, *passim*, *Dzura* v. *Phillips*, 275 Mass. 283, 288–289. Ordinarily no one element of conduct can be ruled to constitute gross negligence. See *McKenna* v. *Smith*, 275 Mass. 149. Every act or omission entering into a particular happening must be considered in connection with all the other circumstances before the whole can properly be held to be an instance of gross negligence.

Here the evidence would support findings that on a dark night, at a place where the defendant knew the somewhat narrow travelled way to be about three feet higher than the land at the sides and to be guarded by boulders on either side placed somewhat apart to safeguard travel, which it would be dangerous to strike; where the window of his sedan was open, admitting a wind which to his knowledge had blown sparks from a cigarette which he had been smoking upon the plaintiff, as she sat behind him, causing her annoyance, as he knew, not only because of possible injury to her clothing but also from fear lest it distract his attention from the road; while moving at a rate of twenty-five miles per hour; taking his eyes from the road, the defendant lit another cigarette, turned toward her, inquired about sparks again flying in her direction and did not turn back to see where he was going before his automobile veered to its right and struck upon the boulders. Testimony that the solidly embedded boulder was moved twenty feet would support an inference of no little velocity of the automobile. We cannot say, as matter of law, that this combination of circumstances will not support a finding of gross negligence — of a shockingly smaller amount of watchfulness and circumspection than the circumstances required of a person of ordinary prudence. We have recently held that one keeping his eyes on a wrist watch rather than on the road, and pressing forward with knowledge of dangerous conditions, might be found to be grossly negligent. *Kirby* v. *Keating*, 271 Mass. 390. Cases like *Burke* v. *Cook*, 246 Mass. 518, *Shriear* v. *Feigelson*, 248 Mass. 432, *Marcienowski* v. *Sanders*, 252 Mass. 65, *Bertelli* v. *Tronconi*, 264 Mass. 235, *Bank* v. *Satran*, 266 Mass. 253, and *Cook* v. *Cole*, 273 Mass. 557, cited by the defendant, rest upon their particular facts and are not controlling here. This case falls rather within decisions like *Blood* v. *Adams*, 269 Mass. 480, *Parker* v. *Moody*, 274 Mass. 100, and *Dzura* v. *Phillips*, 275 Mass. 283. See *Oppenheim* v. *Barkin*, 262 Mass. 281.

The request that "There is no evidence of excessive or unlawful speed in this case" was refused properly. No good exception lies to a refusal to rule with regard to this

portion only of the evidence. *Buckley* v. *Frankel*, 262 Mass. 13, 15. In the husband's case the same principles govern.

We must overrule the exception to the denial of the defendant's motion, filed at the close of the opening for the plaintiff in each case, that a verdict be directed for the defendant. Although a trial judge has power to direct a verdict at the close of the opening, *Energy Electric Co., petitioner*, 262 Mass. 534, he is not, as matter of law, obliged to do so. See *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482, and cases there cited. Whether so to rule rests in his discretion. Inasmuch as the defendant did not rest before presenting his motion, he would not have been prejudiced by the ruling, even if erroneous.

It follows that entries must be made

*Exceptions overruled.*