ARVINE CROWLEY vs. CLARENCE R. FISHER.

MARION A. CROWLEY vs. SAME.

Hampshire.      September 20, 1933. — October 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

Evidence, at the trial of an action for personal injuries sustained when the plaintiff was riding as a guest in an automobile operated by the defendant, that, while the automobile was proceeding at the rate of twenty-five to thirty miles per hour on a gravel road with a "little hump in the middle" and "beaten tracks where the automobiles were supposed to go," the defendant took his eyes off the road, crouched down and for seven or eight seconds looked up through the windshield at a passing aircraft and talked about it with one of the occupants of the automobile, whereupon the automobile left the beaten tracks in the road and, out of the defendant's control, zigzagged for two hundred feet, increasing its speed to fifty or sixty miles an hour, until it struck and broke off a telephone pole six feet from the gravel part of the road, warranted a finding that the defendant was guilty of gross negligence, although there was uncontradicted evidence that, after the automobile began to zigzag, the defendant's attention was directed to its operation.

TWO ACTIONS OF TORT. Writs dated November 6, 1930.

The actions were tried together in the Superior Court before *Gibbs*, J. Material evidence is stated in the opinion.

The judge denied a motion by the defendant in each action that a verdict be ordered in his favor.   There was a verdict for the plaintiff in the first action in the sum of $300, and for the plaintiff in the second action in the sum of $2,000. The defendant alleged an exception in each action.

*R. H. Cook*, for the defendant.

*D. H. Keedy*, for the plaintiffs.

FIELD, J.   These two actions of tort, tried together, were brought by a minor and her mother to recover compensation for personal injuries sustained by them when riding in an automobile operated by the defendant.   The mother seeks also to recover the medical expenses of herself and her daughter.   In each case the defendant moved for a directed verdict on the ground that the plaintiff failed to establish gross negligence.   These motions were denied, the defendant excepted and there were verdicts for the plaintiffs.

It is not contended that the plaintiffs were in any more favorable position than that of guests of the defendant. Consequently proof of gross negligence on his part was essential to recovery. *Balian* v. *Ogassin*, 277 Mass. 525, 528–529. *Thibeault* v. *Poole*, 283 Mass. 480, 485.   Whether the evidence warranted a finding of gross negligence is the only question presented for our consideration.

A finding of gross negligence was warranted.   The evidence was conflicting and there were inconsistencies in the testimony of the adult plaintiff who gave the most detailed account of the way the accident happened.   See *Coyle* v. *Worcester Consolidated Street Railway*, 273 Mass. 475, 476–477.   But, in its aspect most favorable to the plaintiffs, the evidence tended to show that the defendant, operating an automobile in which the plaintiffs were riding, at a speed of between twenty-five to thirty miles an hour, on a gravel road with, as the defendant knew, a "little hump in the middle" and "beaten tracks where the automobiles were supposed to go," "crouched and looked up through the windshield," taking his eyes off the road and looking up toward the sky at a passing aircraft, and continued for seven or eight seconds to look at the aircraft

and to talk about it with an occupant of the automobile — not one of the plaintiffs — until the automobile ran out of the beaten tracks and began to zigzag, and the defendant lost control of it, and that the automobile continued to zigzag for a distance of two hundred feet, increasing its speed to fifty or sixty miles an hour, until it struck and broke off a telephone pole six feet from the gravel part of the road with resulting injuries to the plaintiffs. There was, however, evidence that the road was very sandy where the accident occurred and that the defendant lost control of the automobile when it struck the sand, and uncontradicted evidence that after the automobile began to zigzag the defendant's attention was directed to its operation. But the jury could have found that the accident resulted from the defendant's loss of control of the automobile owing to his lack of attention to its operation while looking at the aircraft, and that such lack of attention for the time and in the circumstances disclosed by the evidence constituted gross negligence. The evidence did not require a finding that the accident was caused by a dangerous condition of the road which the defendant was not bound to anticipate. And careful conduct after an emergency arose would not relieve the defendant from liability for negligence which created the emergency. *McBride* v. *Middlesex & Boston Street Railway*, 276 Mass. 29, 33. *Boni* v. *Goldstein*, 276 Mass. 372, 375. The case is controlled by cases like *Kirby* v. *Keating*, 271 Mass. 390, *Meeney* v. *Doyle*, 276 Mass. 218, and *Dow* v. *Lipsitz*, 283 Mass. 132, and is distinguishable from *Marcienowski* v. *Sanders*, 252 Mass. 65, *Broderick* v. *Lyons*, 266 Mass. 184, and *McKenna* v. *Smith*, 275 Mass. 149.

*Exceptions overruled.*