STANLEY CYCZ vs. FRANCIS J. DUGAL.

Hampshire.    September 16, 1936. — September 24, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.

A finding of gross negligence of the driver of an automobile was warranted on evidence that, after timely warning of the presence of a railroad train standing on a grade crossing, he kept on at the rate of thirty-five miles an hour, diverting his attention to other matters than his driving, and ran into the train.

TORT.  Writ in the Superior Court dated January 19, 1934.

The action was tried before *Leary*, J., who denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $2,800. The defendant alleged an exception.

*F. J. McKay*, for the defendant.

*G. L. Burke*, for the plaintiff.

RUGG, C.J.  This is an action of tort wherein the plaintiff, who was riding as guest in an automobile operated by the defendant, seeks to recover compensation for personal injuries alleged to have been caused to him by the gross negligence of the defendant.  The testimony on vital points was sharply contradictory, but in its aspect most favorable to the plaintiff warranted a finding of these facts: The accident occurred at about half past eight o'clock in the evening of September 12, 1933.  It was a dark night.  The parties were traveling through a thickly settled region on a straight highway with about three street lights, which was crossed at grade by a railroad.  A freight train without lights was standing on the grade crossing, blocking travel on the highway.  The plaintiff was sitting on the front seat with the defendant.  The plaintiff said to the defendant that "the road is bad.  You will have to watch it."  When the automobile was six hundred or more feet away from

the grade crossing the plaintiff saw the freight cars and told the defendant to "Watch out for the red freight cars." The lights shone on the freight cars six hundred feet away. The plaintiff testified that the defendant then "started fishing around the back of the seat for something. I asked him what he was looking for. He said, 'a cigarette I guess.' He looked in the back of the seat . . . the cushion. . . . He was also looking in the side of the car." Then he turned around and looked back through the car and said: "I wonder if they are following us" (referring to friends in another automobile). The plaintiff again warned the defendant when within about twenty feet of the freight cars to "Look out for the red freight cars"; the automobile seemed to swerve to the left and a collision occurred. The speed of the automobile was about thirty-five miles an hour. There was a slight rise before reaching the tracks.

The distinction between gross negligence and simple carelessness has been elaborated in numerous recent cases. *Altman* v. *Aronson,* 231 Mass. 588, 591–592. *Massaletti* v. *Fitzroy,* 228 Mass. 487. *Meeney* v. *Doyle,* 276 Mass. 218. *Caldbeck* v. *Flint,* 281 Mass. 360. *Crowley* v. *Fisher,* 284 Mass. 205. Guided by the principles there declared, a verdict could not rightly have been directed in favor of the defendant. The evidence warranted a finding of his gross negligence. The case at bar is to be distinguished from *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170.

The testimony of the plaintiff was sufficient to support a finding that he was exercising reasonable caution for his own safety and did not trust wholly to the vigilance of the defendant. *Shultz* v. *Old Colony Street Railway Co.* 193 Mass. 309, 322–323.

*Exceptions overruled.*