RUTH QUINLIVAN *vs.* NATHANIEL TAYLOR.

PATRICK QUINLIVAN *vs.* SAME.

Middlesex.    May 10, 1937. — September 15, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

Gross negligence could not properly be found on evidence respecting the operation of an automobile by one who, while proceeding at about thirty-five miles an hour at night in a snow storm, reached out of the window to brush off snow obstructing the windshield and crashed into a "safety island" containing a beacon light.

Two ACTIONS OF TORT. Writs in the Superior Court dated March 22, 1933, and October 9, 1933, respectively.

A verdict for the defendant in each action was ordered by *Donahue*, J. The plaintiffs alleged exceptions.

*W. Kopans*, for the plaintiffs.

*A. C. Kellogg*, for the defendant.

QUA, J. These actions are brought respectively for personal injuries and for consequential damages arising out of a collision on Massachusetts Avenue in Cambridge between an automobile driven by the defendant in which the first named plaintiff, hereinafter called the plaintiff, was a passenger and a "safety island" with a "large circular affair on the end . . . with a light on top."

The evidence upon which the plaintiffs must rely to establish the defendant's gross negligence may be summarized as follows: The accident happened shortly after ten o'clock in the evening of March 1, 1933. It was snowing "pretty badly." After a time the snow began piling on the windshield. The view was becoming obstructed. The defendant was bobbing back and forth trying to see where he was going. The window was open on his side. The windshield wiper was not working. The plaintiff asked the defendant why he did not have it going. The defendant said, "Well, it isn't going, but don't bother about it." Thereafter they passed several of the "safety islands" without hitting them. Then the plaintiff said, "Gee, I can't see through this at all, you will have to do something about it." The defendant said, "Oh, forget it," and put his hand out of the window and tried to brush the snow off the windshield. "Right then" the crash occurred. The speed was thirty or thirty-five miles an hour. There was also evidence of statements by the defendant that he was trying to work the windshield wiper to knock some of the snow off; that he did not know where he was going and the first thing he knew "he piled into the beacon"; that the "blinker" on the island was operating; and that the accident was caused by reaching over to get at his windshield wiper.

Although the distinction between gross negligence and

ordinary negligence can be stated in general terms, it is often exceedingly difficult to draw the line in actual practice. Where there is evidence of negligence, as certainly there is in this case, it is generally easy to magnify it on the one side and to minimize it on the other. It is seldom that any one factor or any one precedent will be wholly decisive. The matter is likely to remain largely one of opinion in each case. Yet the distinction is well established and must be observed, lest all negligence be gradually absorbed into the classification of gross negligence.

In this case, in the opinion of a majority of the court, the balance inclines in favor of the defendant. One driving in the face of accumulating snow is in a difficult position. Windshield wipers are often least effective when most needed. It is easy to say that the driver ought to stop operating under such conditions, but a realistic approach to the problem compels the admission that this is not always a practical solution. The defendant spoke lightly to the plaintiff, and yet as far as appears he attempted at once to clear the windshield as soon as it became quite impossible to see through it. At that moment the accident occurred. Perhaps the defendant should have stopped long enough to clear his windshield, or should have adopted some other method of clearing it, or should have looked out of the side window instead. Perhaps he was going too fast. But under the circumstances these are hardly the materials out of which gross negligence can be constructed. At no time did the defendant allow his attention to be diverted from the business of driving or go out of his way to incur risk.

Without intending to attach too much importance to cases decided upon other facts, we think that this case is to be classed with *Bertelli* v. *Tronconi,* 264 Mass. 235, *Gardner* v. *Renton,* 269 Mass. 246, *Curley* v. *Mahan,* 288 Mass. 369, *Adamian* v. *Messerlian,* 292 Mass. 275, *Folan* v. *Price,* 293 Mass. 76, and *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, rather than with *Kirby* v. *Keating,* 271 Mass. 390, *Meeney* v. *Doyle,* 276 Mass. 218, *Dow* v. *Lipsitz,* 283 Mass. 132, *Crowley* v. *Fisher,* 284 Mass. 205, *Copeland*

v. *Russell,* 290 Mass. 542, *Cycz* v. *Dugal,* 295 Mass. 417, *O'Toole* v. *Magoon,* 295 Mass. 527, and *Smith* v. *Axtman,* 296 Mass. 512.

*Exceptions overruled.*