MARY PICARELLO *vs.* ANNA M. RODAKIS.

MARY PICARELLO, administratrix, *vs.* SAME.

Essex.    November 12, 1937. — December 7, 1937.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence of the driver of an automobile was warranted by evidence that he lost control of it when, without slackening his speed of forty-five miles an hour, he diverted his attention from driving for three seconds while he brushed ashes from his clothing with one hand, and went off the road, increased his speed and struck a tree two hundred feet farther on.

TWO ACTIONS OF TORT, the second action originally by Philip Picarello and after his death prosecuted by the administratrix of his estate. Writs in the Superior Court dated June 23, 1934.

The actions were tried before *Greenhalge,* J. There were

verdicts for the plaintiffs in the sums of $4,200 and $800, respectively. The defendant alleged exceptions.

*A. L. Hyland,* for the defendant.

*P. A. Kiely,* (*E. J. Marson* with him,) for the plaintiffs.

DOLAN, J. These are two actions of tort. The first is brought to recover compensation for personal injuries sustained by the plaintiff while riding, as a guest, in an automobile operated by her sister, the defendant. The second action is for consequential damages. The cases were tried together to a jury. At the close of the evidence the defendant moved in each case for a directed verdict. The motions were denied and the defendant excepted. The only question is whether there was evidence of gross negligence warranting the verdicts which were returned for the plaintiffs. The plaintiff in the first action will hereinafter be called the plaintiff.

Proof of gross negligence on the part of the defendant is essential to recovery. See *Crowley* v. *Fisher,* 284 Mass. 205, 206. While the testimony of the defendant tended in some important respects to contradict that of the plaintiff, we must consider the evidence in its aspect most favorable to the latter. Thus considered, the jury would have been warranted in finding, in substance, the following facts: The plaintiff was riding in the automobile operated by the defendant and was seated with her on the front seat. They started from the defendant's home in East Saugus about 9 A.M. intending to drive to the home of a friend in Norwood. As they approached Boston the defendant drove slowly. Just before they turned into the Fenway, so called, in Boston, the defendant lighted a cigarette. As they entered the Fenway the speed at which the automobile was driven was not over fifteen miles an hour. Up to this point the defendant had been driving the vehicle in a careful and proper manner. As they entered the Fenway she increased the speed of the automobile in a distance of four hundred feet to about forty-five miles an hour. At this point ashes dropped from the cigarette she was smoking onto her new dress. Without diminishing the speed of the automobile, she took her right hand off the wheel and looked down at

her dress for three seconds while brushing the ashes off, holding the wheel in the meantime loosely in her left hand. The plaintiff turned to see what the defendant was doing and when she looked toward the front of the automobile again a tree was almost in front of them, and she "yelled" at the defendant, "Look out, Annie," and then the accident ensued. The automobile turned off the road and "skun by a tree and hydrant." It continued on for over two hundred feet, its speed increasing to about fifty miles an hour, and struck a tree which was located two feet from the edge of the road. When the defendant saw the vehicle go off the road she did not apply the brakes but kept her foot on the accelerator "steady." The highway is about thirty-nine and seven tenths feet wide and has a hard improved asphalt surface with no curbstone. There is a slight curve in the road some distance back of the point of the accident amounting to about three feet in every hundred feet. The collision of the automobile with the tree was head on and the impact was violent. The automobile was in good mechanical condition at the time of the accident.

"Although the distinction between gross negligence and ordinary negligence can be stated in general terms, it is often exceedingly difficult to draw the line in actual practice." *Quinlivan* v. *Taylor,* 298 Mass. 138, 139–140. "Ordinarily no one element of conduct can be ruled to constitute gross negligence. See *McKenna* v. *Smith,* 275 Mass. 149. Every act or omission entering into a particular happening must be considered in connection with all the other circumstances before the whole can properly be held to be an instance of gross negligence." *Meeney* v. *Doyle,* 276 Mass. 218, 219. In the cases before us it cannot be said as in *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172, that "There is no evidence of . . . voluntary incurring of obvious risk"; nor as in *Quinlivan* v. *Taylor, supra* (page 140), that "At no time did the defendant allow his attention to be diverted from the business of driving or go out of his way to incur risk." The facts which could have been found in the instant cases more nearly approximate those in the case of *Crowley* v. *Fisher,*

284 Mass. 205, where it is said (page 207): "But the jury could have found that the accident resulted from the defendant's loss of control of the automobile owing to his lack of attention to its operation while looking at the aircraft, and that such lack of attention for the time and in the circumstances disclosed by the evidence constituted gross negligence."

The jury could have found that the defendant was driving the automobile at an improper and unreasonable rate of speed. G. L. (Ter. Ed.) c. 90, § 17. This in itself would not warrant a finding of gross negligence, see *Kohutynski* v. *Kohutynski*, 296 Mass. 74, but taken in connection with all the other facts before referred to, which the jury could have found, we are of opinion that it cannot be said as matter of law that there was no evidence to warrant a finding of gross negligence on the part of the defendant. In *Burke* v. *Cook*, 246 Mass. 518, 521, the court said: "Doubtless there may be cases so near the border line that a tribunal whose duty it is to apply only legal principles cannot reverse the factual conclusion embodied in a verdict. The power to do so must be exercised with the utmost caution." The cases at bar are within that class of cases illustrated in *Kirby* v. *Keating*, 271 Mass. 390, *Meeney* v. *Doyle*, 276 Mass. 218, *Bruce* v. *Johnson*, 277 Mass. 273, *Connors* v. *Boland*, 282 Mass. 518, *Crowley* v. *Fisher*, 284 Mass. 205, *Copeland* v. *Russell*, 290 Mass. 542, *Cycz* v. *Dugal*, 295 Mass. 417, *O'Toole* v. *Magoon*, 295 Mass. 527, *Smith* v. *Axtman*, 296 Mass. 512, and *Koufman* v. *Feinberg*, 298 Mass. 270, and are distinguishable from such cases as *Burke* v. *Cook*, 246 Mass. 518, *Bertelli* v. *Tronconi*, 264 Mass. 235, *Cook* v. *Cole*, 273 Mass. 557, *McKenna* v. *Smith*, 275 Mass. 149, *Stetson* v. *Howard*, 284 Mass. 208, *Curley* v. *Mahan*, 288 Mass. 369, *Adamian* v. *Messerlian*, 292 Mass. 275, *Folan* v. *Price*, 293 Mass. 76, *Kohutynski* v. *Kohutynski*, 296 Mass. 74, and *Cahalane* v. *Dennery*, 298 Mass. 34. As there was no error in the denial of the defendant's motions for directed verdicts, the entry in each case must be

*Exceptions overruled.*