## Persis M. Colby *vs.* Esther Clough.

Middlesex.   May 4, 1938. — June 30, 1938.

Present: Lummus, Qua, Dolan, & Cox, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding that the operator of an automobile was grossly negligent toward a guest was warranted by evidence that he drove at a speed of forty-five miles per hour into an intersection with a public way entering from his right without looking to his right or heeding a warning cry of his guest and thus failed to see another automobile which already had entered the intersection, and that, when he did observe the other automobile, he turned his automobile toward the left to avoid it, continued at accelerated speed without looking in that direction and ran into a tree.

Tort.   Writ in the First District Court of Southern Middlesex dated August 28, 1936.

There was a finding by *Simoneau,* J., for the plaintiff in the sum of $7,500.

*John J. Sullivan,* (*W. I. Badger* with him,) for the defendant.

*J. W. Tuttle,* for the plaintiff.

Dolan, J.   This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained by her on September 19, 1935, while riding in an automobile operated by the defendant.   The declaration is in two counts, the first alleging gross negligence, and the second negligence.   The case was tried before a judge of a district court, who found for the plaintiff upon the first count and reported the case to the Appellate Division for the Northern District.   It now comes before us on an appeal from an order of the Appellate Division dismissing the report.   The only question for determination is whether the judge erred in refusing to give the defendant's request for a ruling that "The evidence does not warrant a finding that the defendant at the time of the accident was grossly negligent in the operation of her automobile."

The evidence in its aspect most favorable to the plaintiff would warrant the finding of the following facts: On September 19, 1935, the plaintiff was riding as a guest in an automobile operated by the defendant but owned by the latter's mother. The plaintiff was seated on the rear seat of the vehicle; the defendant and her husband were seated on the front seat. The weather was fair, and the road was dry. The defendant was driving the vehicle in a westerly direction on Montwaite Avenue in Framingham, at a speed of forty to forty-five miles an hour. The vehicle approached the intersection of that avenue and Franklin Street, which runs approximately north and south. Although familiar with this intersection the defendant continued at undiminished speed. When the vehicle operated by the defendant was about a car's length from the intersection, the plaintiff observed an automobile driven by one Aubey about to enter the intersection from the right at a speed of about eight miles an hour. The plaintiff cried, "My God, look out." The defendant did not look to the right but entered the intersection at the rate of speed already described. When at about the center of the intersecting ways, the defendant looked to the right and saw Aubey's vehicle in which he was driving with his wife and "his little grandchild." Although intending to cross the intersection and go down Franklin Street, Aubey, fearing that the "defendant's car would hit him" turned to the right down Montwaite Avenue leaving the path to the left clear for the "defendant's car." The defendant, however, continued to look to the right at Aubey's vehicle but swung the automobile operated by her to the left, without looking in that direction; it was heading directly for a tree "at or near the southwesterly corner of the intersection," and the plaintiff "screamed." The defendant then looked to the left, but at that time "her car was almost upon the tree." Its speed increased, it struck the tree and the plaintiff was injured. Immediately after the accident the defendant said to Aubey's wife, "Thank God I didn't hit you or that dear baby, I don't remember what happened, I stepped on them [the brakes] but I guess . . . [they] didn't hold."

Later she stated to the plaintiff that she "was . . . afraid . . . [she] would hit the child" and that she "thought . . . [she] put . . . [her] foot on the brake but it must have been on the gas." In her testimony the defendant admitted that she did not materially diminish the speed of the vehicle on entering the intersection, and did not look to the right until almost at its center; that when she saw Aubey's automobile she did steer to the left without looking in that direction because she could not take her eyes off the child in Aubey's automobile; that when she did look to the left the automobile she was operating was about two feet from the tree; and that it struck the tree with great force. The subsidiary findings of the trial judge establish substantially the facts just related. They have not been controverted by the defendant. The judge further found that the plaintiff was in the exercise of due care, and that the defendant was guilty of gross negligence.

From the evidence and subsidiary facts found by the judge it therefore appears that the defendant was operating the vehicle and entered the intersection at an excessive rate of speed without looking to the right of the intersection (see G. L. [Ter. Ed.] c. 90, § 17), and that, although warned by the cry of the plaintiff just before entering the intersection, she continued to operate at an undiminished rate of speed. The judge was not bound to find that the defendant's stated inability to "take her eyes off the child" in Aubey's automobile was "almost instinctive." Compare *Folan* v. *Price,* 293 Mass. 76, 78. When the situation fraught with danger became apparent to her she increased instead of diminishing the speed of her vehicle and diverted her attention from the road in the direction in which she had turned the vehicle. See *Stowe* v. *Mason,* 289 Mass. 577. She has argued that, in the circumstances surrounding the accident, her inattention to the road in the direction in which she had turned the vehicle was but momentary, and that the facts in the present case are distinguishable from those in such cases as *Picarello* v. *Rodakis,* 299 Mass. 33, and *Crowley* v. *Fisher,* 284 Mass. 205. While it could have been found that but a short space of time did elapse

between the time when the defendant looked to the right at Aubey's vehicle and the occurrence of the accident, that is but a single element, and must be considered together with all the surrounding circumstances in determining whether the conduct of the defendant constituted gross negligence. See *Quinlivan* v. *Taylor*, 298 Mass. 138, 140. The judge could have found that in driving into the intersection at an excessive rate of speed without looking to the right, and in consequence failing to observe that Aubey's vehicle had already entered the intersection; in failing to heed the warning cry of the plaintiff and to diminish the speed of the vehicle; and in turning the vehicle to the left at a still greater rate of speed without looking in that direction, the defendant was guilty of heedless and palpable violation of the legal duty owed by her to the plaintiff. See *Altman* v. *Aronson*, 231 Mass. 588; *Meeney* v. *Doyle*, 276 Mass. 218; *McKenna* v. *Smith*, 275 Mass. 149. We are of opinion that in all the circumstances it cannot be said as a matter of law that the judge was not warranted in finding gross negligence on the part of the defendant.

*Order dismissing report affirmed.*

MEMORANDUM.

On the thirtieth day of June, 1938, the Honorable FRED TARBELL FIELD was appointed Chief Justice of this court, having held the office of Associate Justice since the thirtieth day of January, 1929. He first sat as Chief Justice at a sitting of the court in Boston on the first day of July, 1938.