PATRICIA DOHERTY & another[1] *vs.* JOHN SPANO.

Suffolk.    December 4, 1957. — January 2, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, &
CUTTER, JJ.

*Negligence,* Gross, Motor vehicle.

A finding of gross negligence on the part of the operator of an automobile
toward a guest riding therein who was injured when it struck a hydrant
less than a mile from the starting point of the ride was warranted by
evidence of a speed of fifty to fifty-five miles an hour at night, of the
operator's driving the whole time with one hand and with his right
arm on the back of the seat behind the guest, and of his taking his eyes
off the road four or five times to "look at" and "reply to" the guest.

TORT.    Writ in the Municipal Court of the City of Boston
dated June 10, 1955.

Upon removal to the Superior Court the action was tried
before *Kelleher, J.,* a District Court judge sitting under stat-
utory authority.    There were verdicts for the plaintiffs and
the defendant alleged exceptions.

*Frank M. Lewis,* for the defendant.
*John J. O'Neill,* for the plaintiffs.

SPALDING, J.   The question for decision is whether the
evidence, hereinafter summarized, warranted a finding of
gross negligence.

At some time before midnight on February 27, 1955,
Patricia Doherty, hereinafter called the plaintiff, aged seven-
teen, was in a restaurant in Revere.    Leaving the restaurant
around 12:15 A.M., she met the defendant who asked her if
she would like a ride home in his automobile.    The plain-
tiff, who knew the defendant and had ridden with him be-
fore, accepted the invitation and got into the automobile.
The defendant "immediately started off and went around a

---

[1] Elizabeth Doherty, the mother of Patricia Doherty, seeks consequential
damages.

circle." "The wheels screeched and the plaintiff went over to one side." The defendant "went around the circle at fifty to fifty-five miles per hour and went past . . . the road that would take . . . her home. She protested that she wanted to go home and the defendant suggested that it would be nice to have a ride." The plaintiff "protested several times for the defendant to take her home" and told him to slow down because he was going too fast. In reply the defendant said "All right," but his "speed continued at fifty to fifty-five miles per hour and did not decrease nor increase." The "defendant put his right arm on the back of the seat in back of the plaintiff and drove with one hand." He "did not take his arm off the back of the seat during the entire ride." The defendant "took his eyes off the road on four or five occasions to look at the plaintiff and reply to her." "[F]rom the time the automobile left the circle . . . [it] swerved to the right then the defendant straightened the car and after that the accident occurred." The automobile came in contact with a hydrant at a distance of less than a mile from the starting point.

After the plaintiffs had introduced the foregoing evidence the defendant rested and presented a motion for a directed verdict. The motion was denied, subject to the defendant's exception, and the case was submitted to the jury who returned verdicts for the plaintiffs.

There was no error.

Questions as to the sort of conduct that will or will not warrant a finding of gross negligence have been before this court so often that an extended discussion or elaborate citation of precedents is unnecessary. "It is seldom that any one factor or any one precedent will be wholly decisive. The matter is likely to remain largely one of opinion in each case." *Quinlivan* v. *Taylor,* 298 Mass. 138, 140. Some of the indicia of gross negligence are set forth in the following cases. *Altman* v. *Aronson,* 231 Mass. 588. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. *Rosario* v. *Vasconcellos,* 330 Mass. 170, 172.

Turning to the evidence here, while the question is not free from doubt, we are of opinion that the evidence would warrant a finding of gross negligence. The speed standing alone would not be sufficient. And the fact that the defendant drove with one arm on the back of the front seat was not in itself enough to constitute gross negligence. But taking these things in combination, together with the fact that on four or five occasions within the period of a minute the defendant turned to talk to the plaintiff, we think that the question became one of fact for the jury. See *Rog* v. *Eltis*, 269 Mass. 466; *Smith* v. *Axtman*, 296 Mass. 512; *Picarello* v. *Rodakis*, 299 Mass. 33; *Haggerty* v. *Sullivan*, 301 Mass. 302.

*Exceptions overruled.*