*Northern District*

No. 7165

**WINIFRED McDONOUGH, et al**

v.

**BRIAN MULLIN**

Argued Nov. 19, 1969  Decided: Jan. 19, 1970.

32

*Present:* Brooks, P.J., Connolly, Parker, J.J.
Case tried to *Taylor, J.*, in the Municipal Court
of the Roxbury District No. 51688

*Brooks, P.J.    This is an action in tort* where-
in plaintiffs sue to recover for injuries as
guest passengers in defendant's motor vehi-
cle. The answer, so far as is here material,
is general denial and assumption of risk.

*At the trial there was evidence that* both
plaintiffs and defendant attended a party which
followed a christening beginning about 6 P.M.
on Raven Street in Dorchester. Sometime later,
between 3 and 4 A.M., plaintiffs called unsuc-

cessfully for a taxicab to take them home. Defendant, who had had a few bottles of beer during the course of the evening, offered to take plaintiffs home. He appeared to them "all right". They saw nothing wrong with him.

The parties entered the car and proceeded on to Dorchester Avenue. After going a couple of miles, the car struck a light pole at the end of an abutment dividing the right and left half of the road at a point where it crossed a bridge. Roads were slushy as a result of snow earlier in the evening.

*There was testimony that* the speed of the car was "at least 50 miles per hour" down Dorchester Avenue and that the car was going from one side of the road to the other, also that both passengers asked defendant to slow down. *There was testimony that* while the car was on the left side of the road, one of the plaintiffs told defendant to get back on the right side and to "slow down before he killed us."

Defendant testified that he was going 25 miles per hour and could see clearly down the road to the bridge, that he was familiar with the area and knew the abutment was in the center of the road, that as he approached the bridge, he applied his brakes to slow down and skidded about 12 feet into the light pole. The point of impact was on the front end of the automobile, somewhat to the right of center.

Defendant made the following requests for rulings, all of which were denied:

1. The evidence does not warrant a finding of gross negligence on the part of the defendant.

2. The evidence warrants a finding that the plaintiff, Winifred McDonough, assumed the risk of her accident and injuries.

3. The evidence warrants a finding that the plaintiff, Michael Curran, assumed the risk of his accident and injuries.

4. The evidence does not warrant a finding for the plaintiff on Count 1.

5. The evidence does not warrant a finding for the plaintiff on Count II.

The Court found the following facts:

"I find that the defendant was operating his car at an excessive rate of speed on a street which was covered with slushy snow and ice, that his eyes wandered from the road; that at times he operated his car on the wrong side of the road; that he failed to heed the warnings of both plaintiffs to slow down, I find that the defendant operated his car in a grossly negligent manner."

The report contains all the evidence material to the questions reported.

Defendant claims to be aggrieved by the denial of his requests for rulings and by the finding of fact, and the finding for the plaintiffs.

In order to recover in this action, plaintiffs have to prove gross negligence on the part of defendant. This is a degree of negligence notably greater than simple negligence. Chief Justice Rugg in *Altman* v. *Aronson*, 231 Mass. 588 at 591, defines gross negligence as:

"...substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected .... But it is something less than the wilful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter..."

As was said in *Beaton* v. *Dawson*, 303 Mass. 429 at 432, "It is true that each case must be decided according to its peculiar features"; or as expressed in *Doherty* v. *Spano*, 336 Mass. 576 at 577, "It is seldom that any one factor or any one precedent will be wholly decisive. The matter is likely to remain largely one of opinion in each case." Precautions which should be taken under circumstances presented in the case before us would obviously include speed

consistent with slippery road surface, remaining on the right side of the highway, paying attention to warnings from passengers, and taking proper note of obstacles in the highway.

In all of the above respects there was evidence warranting a finding that defendant was at fault. He was traveling, at times, at an exessive speed. He paid no attention to requests that he slow down or get back on to the right side of the highway. Although he had, on his own testimony, a clear view ahead, he apparently did not see a conspicuous object directly in his path until within a few of it, at which time he could not stop the automobile because of his proximity to the object, the speed at which he was traveling and the condition of the roadway.

Aware of all these circumstances from the lips of the witnesses, the trial judge found gross negligence. We are not prepared to find him in error.

As to the defense of assumption of risk, we support the trial judge's ruling denying defendant's requests Nos. 2 and 3, there being evidence that plaintiffs noted nothing wrong with the defendant when they accepted his invitation to ride with him, and that during the very few minutes they were in the car before the accident, that is to say, after going a couple of miles, they were doing their best to get him to moderate his speed and otherwise drive safely.

We fiind no error in the denial of defendant's requests for rulings. *The report is to be dismissed.*

MATTHEW T. CONNOLLY
   for Plaintiff
DAVID W. WOODS
   for the Defendant.

*Western District*