## COMMONWEALTH *vs.* MOSES RUGGLES & another.

The officers of an agricultural society have no authority to define and fix bounds, for other purposes than those specially enumerated in the statute, within which no person shall be permitted to enter or pass, unless in conformity with their regulations.

The officers of an agricultural society, who have unlawfully fixed and defined bounds for the purpose of exhibiting horses in a public highway, have no right to obstruct public travel thereon, although there is sufficient room for public travel on the other parts of the highway; and they may be convicted of assault and battery, if without legal process they have arrested a person within such bounds, who, when directed to fall back, refused to do so, and without malice or unlawful intent struck the horse of a marshal of the society, although he was wilfully and maliciously in the highway for the purpose of obstructing the exhibition of horses there.

COMPLAINT for an assault and battery upon Abner Smith

At the trial in the superior court, before *Brigham*, J., it appeared that at the time of the alleged assault and battery the defendants were constables of Barre, and were also acting as marshals and special police of an agricultural fair, and that the acts complained of occurred in clearing a highway in that town from a crowd of persons, for a course for the exhibition of the trotting of horses, within limits in the highway fixed by the officers of the society for that purpose. Smith testified that he had no other use for the highway than to witness the exhibition. The defendants offered to show that he was within the lines which were necessary to be kept open for the exhibition of the horses, and refused to fall back when requested, although there was abundant room for public travel in that part of the highway which was not included in those lines; and that he was wilfully and maliciously in the highway for the purpose of obstructing the exhibition of horses there. The judge ruled that the officers of the agricultural society had no authority to define and fix bounds or lines in the highway, within which their exhibitions were to be conducted, and that, when bounds and lines were thus fixed in a highway, the defendants could exercise only those powers which constables might exercise for the preservation of public peace, and rejected the evidence of the designation of the lines fixed as aforesaid, so far as the same were within the limits of the highway, and also of Smith's

purpose in being there; and instructed the jury that the defendants " were not justified in arresting Smith without legal process, because he refused when directed to fall back' within lines fixed by the society, within the highway; .... and if he, when thus directed, struck the horse of one of the marshals, or used any violence upon the horse, not with the malicious intent, and not using force tending maliciously, to injure the horse, or to cause personal injury to the person riding upon the horse, he was not committing a breach of the peace, nor would his arrest without legal process in the act of so doing be justifiable."

The jury returned a verdict of guilty, and the defendants alleged exceptions.

*F. H. Dewey,* for the defendants. An agricultural society has a right to occupy a portion of the highway for its exhibition, provided it does not obstruct the public travel. Gen. Sts. *c.* 66, §§ 11, 13. Even if it has no exclusive right, it has an equal right with others; and the evidence that Smith was wilfully and maliciously there for the purpose of obstructing the exhibition was admissible. And his act of striking the marshal's horse, when simply directed to fall back, was a breach of the peace, which justified his arrest. *Commonwealth* v. *Hastings,* 9 Met. 262.

*Foster,* A. G., for the Commonwealth.

BIGELOW, C. J. The rulings were right upon both the points raised at the trial.

1. The officers of an agricultural society have no authority to define and fix bounds, within which no one can be permitted to enter except in conformity with the regulations prescribed by them, for the purpose of exhibiting horses or establishing a race-course or trotting ground. The power conferred on them is a statutory one, and it must be exercised within the exact limits prescribed by law. By Gen. Sts. *c.* 66, § 11, this authority to set apart a particular place from which persons may be rightfully excluded can be used only for the purpose of securing a sufficient extent of land " for the erection of their cattle-pens and yards, and for convenient passage ways to and about the

same, and also for their ploughing matches and trials of working oxen." This clearly does not embrace the power to designate a place for a purpose such as the defendants were attempting to carry out, when the assault was committed on the prosecutor. Nor was this the only excess of authority of which they were guilty. They had no right to include a highway within the bounds set apart by them for their exhibition, so as to obstruct the public travel thereon. This is expressly prohibited by Gen. Sts. c. 66, § 13. The facts proved at the trial show that they did undertake to exclude persons from a portion of the road, and to appropriate it to their exclusive use. It is not a sufficient answer to say that there was sufficient room for public travel on the highway outside of the limits included within their lines. They had no authority to exclude public travel from any portion of the way.

2. The prosecutor was not liable to arrest by the defendants. It is true that the officers of the society had the same authority to act in the preservation of the public peace as constables. Gen. Sts. c. 66, § 14. But a constable cannot lawfully arrest an offender against the peace without a warrant, unless he is actually engaged in an affray or unlawful disturbance in the presence of the officer who makes the arrest. To authorize such arrest, the misdemeanor must be committed in view of the officer. 1 Hale P. C. 587. 1 East P. C. 303. 1 Chit. Crim. Law, 20. Under the instructions of the court, the jury have found that the prosecutor was guilty of no misdemeanor which rendered him liable to arrest. These instructions are not open to exception. They included a correct statement of the distinction between acts which would be unlawful and constitute a breach of the peace, and those which were innocent and occasioned no illegal disturbance. A person is not guilty of a criminal assault and battery who, without malice or unlawful design, and with no intent to cause injury, either by accident or in self-defence or through inadvertence, inflicts a blow upon the person, or does any other act which tends to produce corporal hurt to another. The definition of an assault is, an attempt or offer with force and violence to do injury to a person either from malice or

wantonness; and a battery is where an injury is actually inflicted under such circumstances. 1 East P. C. 406. When there is an absence of all malice and of any intent to inflict injury, a party cannot be said to be guilty of an assault or breach of the peace, so as to be liable to immediate arrest without a warrant. *Exceptions overruled*