VERENA LESAINT *vs.* EDITH M. WESTON.

Norfolk.     February 9, 10, 1938. — September 13, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Wilful, Wanton or Reckless Misconduct. Motor Vehicle,* Operation.

A finding of wilful, wanton and reckless misconduct on the part of the operator of an automobile toward a guest asleep on the rear seat was warranted where the driver, to play a joke on the guest but not intending to cause him any physical injury, drove over a raised place in the roadway at an accelerated speed "far too high for safety" of the guest, as a result of which the guest was thrown against the top of the automobile and injured.

TORT. Writ in the District Court of Northern Norfolk dated July 2, 1935.

There was a finding for the plaintiff in the sum of $1,034 by *Fullerton,* J. Upon report to the Appellate Division for the Southern District, judgment for the defendant was ordered. The plaintiff appealed.

*A. D. Hill,* (*F. Adams* with him,) for the plaintiff.

*P. B. Bennett & S. L. Sabel,* for the defendant, submitted a brief.

QUA, J. The only question presented and argued is whether the trial judge was warranted in finding that the defendant was guilty of wanton, wilful or reckless disregard of the plaintiff's safety.

Material facts found by the trial judge upon sufficient evidence were these: The plaintiff, the defendant, and a Miss Manion were returning from a theatre to their inn at Annisquam. The plaintiff was a guest passenger in the automobile which the defendant was driving, and was riding alone in the rear seat, where she had "voluntarily" gone to sleep. Near Annisquam the defendant had occasion to cross a drawbridge so constructed that the draw, thirty feet in length, curved or arched slightly upward from the general level of the bridge, so that an automobile passing rapidly over it would receive a jolt the severity of which would depend upon the speed. The defendant knew the effect of driving rapidly over this bridge, knew that the plaintiff was asleep on the rear seat, and as she approached the draw, for the purpose of arousing the plaintiff and "giving her a little bump by way of a thrill," accelerated her automobile to a speed "far too high for the safety" of a passenger in the rear seat, "especially one who was relaxed or asleep." The defendant "had not the slightest intention of doing anything more than arousing her sleeping guest and giving her a little surprise by way of the jounce which she knew would ensue if she went over the draw at an increased rate of speed," and she "never imagined that any such bump as she intended to give would result in any actual physical injury to the plaintiff." In fact the plaintiff was thrown upward, hit her head against the top of the automobile and then fell on the rear seat, injuring her neck and back. The defendant "did not know or realize

that a bump of the kind she intended to produce would result in any such injuries as actually did result, but she should have known and should have refrained from taking any such action."

The judge found that the defendant's action was "deliberate and wanton."

We think that the subsidiary findings are sufficient to support the conclusion of the trial judge. The plaintiff had not consented to expose herself to any unusual or unnecessary violence. The defendant knew that the plaintiff was asleep and helpless. The defendant must also have known that she herself could not judge with exact accuracy how great a jounce would result from the speed at which she was driving or what effect that jounce would have upon the sleeping plaintiff. Under all the circumstances the judge could take the view that it was obvious that the attempt to jolt the plaintiff enough to produce the desired "thrill" was likely to hurt the plaintiff, but that nevertheless, without any necessity or reason other than a whimsical desire to play a practical joke upon the plaintiff, and intending to bring violence to bear upon the person of the plaintiff, the defendant drove over the draw at a speed "far too high" for safety. It could have been found that her conduct closely approached, if it did not reach, that "intentional and unjustified use of force upon the person of another, however slight," which has been said to constitute an assault and battery. *Commonwealth* v. *McCan*, 277 Mass. 199, 203. At any rate, without saying that it might not have been possible to take a quite different view, it seems to us that there was some evidence tending to show that the defendant intentionally incurred an unreasonable risk in the face of a strong likelihood that injury of some kind would result to the plaintiff, and therefore that her conduct was wilful, wanton and reckless. *Palmer* v. *Gordon*, 173 Mass. 410. *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269. *Freeman* v. *United Fruit Co.* 223 Mass. 300. *Query* v. *Howe*, 273 Mass. 92, 96. *Bellenger* v. *Monahan*, 282 Mass. 523, 528. The present case is clearly distinguishable from *Broderick* v. *Lyons*, 266 Mass. 184, and we

think that other cases cited by the defendant are likewise not controlling.

The order of the Appellate Division must be reversed, and judgment is to be entered for the plaintiff on the finding of the trial judge.

*So ordered.*