JOSEPH A. FORTIN CONSTRUCTION, INC. & another[1] *vs.*
MASSACHUSETTS HOUSING FINANCE AGENCY.

Suffolk.   April 2, 1984. — July 11, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Limitations, Statute of.*

Where general contractors on a housing project sought to recover damages
  from the Massachusetts Housing Finance Agency for negligently failing
  to perform its alleged duty of requiring the developer of the project to
  provide a bond or escrow security agreement which would have permitted
  the plaintiffs to secure payment of a judgment they obtained against the
  developer for wrongful termination of their contract, the plaintiffs' cause
  of action against the agency accrued at the time the writ of execution
  on the judgment was returned unsatisfied, and not at the time of the
  developer's wrongful conduct. [442-444]

CIVIL ACTION commenced in the Superior Court Department
on October 3, 1980.

A motion for summary judgment was heard by *John Paul
Sullivan, J.*

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Barbara J. Rouse* (*Mark S. Swartz* with her) for the defend-
ant.

*Peter J. Gagne* for the plaintiffs.

HENNESSEY, C.J. A judge of the Superior Court allowed
the defendant's motion for summary judgment against the plain-
tiffs, on the basis that the action was barred by the statute of
limitations, G. L. c. 260, § 2A. The plaintiffs appealed and
the Appeals Court reversed the judgment. *Joseph A. Fortin
Constr. Co.* v. *Massachusetts Hous. Fin. Agency,* 17 Mass.

---

[1] Reliable Homes, Inc. (both doing business as Fortin-Reliable Joint Ven-
ture Construction Co.).

App. Ct. 911 (1983). The Massachusetts Housing Finance Agency (MHFA) filed a petition for further appellate review with this court and it was granted. We agree with the Appeals Court and conclude MHFA's motion for summary judgment based on the expiration of the statute of limitations applicable to the plaintiffs' claim was improperly allowed.

The facts were established by uncontroverted affidavits. The MHFA made a construction loan in August, 1974, to Beverly Homes, Inc. (Beverly), to develop a housing project. Beverly hired the plaintiffs as general contractors for the project. On November 22, 1976, before the project was completed, Beverly terminated the plaintiffs' contract for an alleged default. The resulting dispute was submitted to arbitration. The arbitrator found for the plaintiffs. The plaintiffs then sought enforcement of the arbitrator's award in the Superior Court and obtained a judgment against Beverly in 1980 for amounts due them under the contract. In May, 1980, the plaintiffs' writ of execution of the judgment was returned unsatisfied. The plaintiffs filed the present action against the MHFA in October, 1980, seeking to recover from the MHFA the value of the unsatisfied judgment they hold against Beverly. The plaintiffs' theory apparently is that the MHFA had a duty, under St. 1966, c. 708, as amended through St. 1971, c. 1030, to require Beverly to provide security from which the plaintiffs could have secured payment of their judgment, that MHFA negligently failed to perform its duty, and that this negligence caused injury to the plaintiffs. We suggest nothing concerning the merits of the plaintiffs' claims. Before us is a more narrow question: assuming such a cause of action exists, when does the statute of limitations begin to run?[2] Both parties agree that the plaintiffs' action is in

---

[2] The MHFA contends as a threshold matter that the plaintiffs' appeal is not properly before us because the judge did not make the necessary findings under Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), for entry of final judgment against the plaintiffs. We disagree. We think that the language in the judge's decision stating that he finds "no just reason for delay" in adjudicating the plaintiffs' claim against the MHFA and that "[t]he plaintiff's claim is dismissed with prejudice" meet the standards required by Mass. R. Civ. P. 54 (b), to terminate the action against the MHFA for the purpose of filing this appeal.

tort and that the relevant statute of limitations is G. L. c. 260, § 2A. What they disagree about is when the time period provided in the statute starts in the instant case.

General Laws c. 260, § 2A, provides that actions of tort shall be commenced "only within three years next after the cause of action accrues." While the point at which negligence actions accrue is not provided in the statute, it is a well-settled rule that causes of action in tort generally accrue under G. L. c. 260, § 2A, at the time the plaintiff is injured. *Cannon* v. *Sears, Roebuck & Co.*, 374 Mass. 739, 741 (1978). *Dinsky* v. *Framingham*, 386 Mass. 801, 803 (1982). Accordingly, to determine when the statute of limitations began to run on the plaintiffs' asserted cause of action, we look to when the plaintiffs suffered injury caused by MHFA's allegedly negligent conduct.

The plaintiffs contend that they incurred injury when the writ of execution on their judgment was returned unsatisfied. Under this analysis, the statute began to run in May, 1980. The plaintiffs' action filed in October, 1980, would, therefore, be well within the three-year period allowed by G. L. c. 260, § 2A. In contrast, MHFA claims that, if the plaintiffs suffered any injury at all from MHFA's alleged failure to act, they did so at the time (November, 1976) that Beverly wrongfully terminated the plaintiffs' employment contract. Thus MHFA contends that the plaintiffs' proposed action accrued, if at all, in November, 1976. It then argues that the proposed action is barred by the limitation in G. L. c. 260, § 2A, because the plaintiffs filed their complaint against MHFA in October, 1980, more than three years after the accrual of the action. We agree with the plaintiffs.

Before an action based in negligence may be maintained, there is a requirement that both negligence and harm be shown, with a causal connection between the two elements. *Cannon* v. *Sears, Roebuck & Co., supra.* Looking to the negligence and injury alleged, and to the facts of this case, we conclude that the MHFA's purported negligence could not have caused the plaintiffs' injury until the plaintiffs received back unsatisfied the writ of execution on their judgment against Beverly.

The injury in question is the nonpayment of money owed the plaintiffs under their contract with Beverly. The record indicates that payments under the contract stopped because Beverly terminated the contract. It did not do so for lack of funds, but because of the plaintiffs' alleged default under the contract. Accordingly, when Beverly's wrongful termination of the contract occurred, it bore no causal relationship at all to the MHFA's failure to obtain a bond or escrow security agreement from Beverly, as part of the financing, "to assure payment out of the construction loan funds," St. 1971, c. 1030, to the plaintiffs of amounts owed them under their contract with Beverly. The record does not indicate, nor does the MHFA contend, that Beverly was insolvent at the time it terminated the plaintiffs' contract. Cf. *White* v. *Peabody Constr. Corp.,* 386 Mass. 121, 129 (1982). Accordingly, the plaintiffs had no reason to know that nonpayment of their claims would result from the absence of a security arrangement to protect the plaintiffs against Beverly's insolvency. While such causation was a possibility, possible injury from an allegedly negligent act by itself is not sufficient to maintain a cause of action. *Lewis* v. *Corbin,* 195 Mass. 520, 526 (1907). Cf. *Hendrickson* v. *Sears,* 365 Mass. 83, 91 (1974). There is nothing here to show that the plaintiffs were on notice of Beverly's insolvency before they received back the unsatisfied writ of execution on their judgment.

The injury caused by a defendant required to maintain a negligence action is the same as that required for the cause of action to accrue. *Dinsky* v. *Framingham, supra* at 803. "To rule otherwise would be intrinsically unfair. . . . [T]he plaintiff might be barred from bringing an action even before the facts arose on which he could assert a claim for relief." *Cannon* v. *Sears, Roebuck & Co., supra* at 742. We have concluded in other situations that a cause of action accrues on the happening of an event likely to put the plaintiff on notice. The plaintiffs here obtained, and received back unsatisfied, a writ of execution on their judgment against Beverly for wrongful termination of the contract within two months of obtaining the judgment. We think in the circumstances of this case the return of the writ

of execution unsatisfied was the point at which the plaintiffs were put on notice that they would suffer the harm which before this time they only might have suffered from the absence of a bond or escrow agreement securing their claims against Beverly. If Beverly had satisfied the judgment, the plaintiffs would have suffered no injury caused by MHFA's alleged negligence, and would have had no negligence claim against the MHFA. See *Sullivan* v. *Old Colony St. Ry.,* 200 Mass. 303, 308 (1908).

We conclude that the judge improperly entered summary judgment against the plaintiffs on the ground that the claim was barred by the statute of limitations. The judgment for the defendant is reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*