Jennifer HOULT, Plaintiff,

v.

David Parks HOULT, Defendant.

Civ.A. No. 88–1738–C.

United States District Court,
D. Massachusetts.

June 10, 1992.

David S. Weiss, Ann G. Berwick, Goulston & Storrs, P.C., Boston, Mass., for plaintiff.

Stephen N. Lander, Paul M. Kane, Joan Curran, McGrath & Kane, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

This matter is before the Court on defendant's summary judgment motion. The plaintiff, Jennifer Hoult, alleges nine years of sexual abuse and violence, from age four in 1965 to age thirteen in 1974, by her father, the defendant, David Parks Hoult. As a result, plaintiff alleges that she has suffered serious psychological and physical injuries. However, plaintiff claims that she repressed all memory of the abuse until October 1985, when she began to regain some memory of the events through psychotherapy. On July 22, 1988, plaintiff filed a five-count complaint for assault and battery, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and breach of fiduciary duty. Defendant moves for summary judgment against the plaintiff due to the expiration of the three-year statute of limitation for tort claims in Massachusetts. For the reasons set forth below, defendant's motion for summary judgment should be denied.

## I.

The statute of limitations for a tort claim in Massachusetts is three years. Mass. Gen.L. ch. 260, § 2A (1991). When a plaintiff is a minor child when the injury occurs, however, this three-year limitation does not start to run until after the plaintiff has reached the majority age of eighteen. Mass.Gen.L. ch. 260, § 7 (1959); Mass. Gen.L. ch. 231, § 85P (1985). In the instant action, plaintiff reached the age of majority on July 31, 1979, and filed this action nearly nine years later on July 27, 1988. In his motion for summary judgment, defendant argues that the complaint should have been filed within three years of plaintiff's majority. He further argues that the statutory provisions that toll the running of the statute of limitations beyond the date of emancipation, such as

imprisonment or mental illness, do not apply nor have been raised by the plaintiff.

In Massachusetts, once a defendant pleads the statute of limitations defense, the plaintiff bears the burden of proving facts that take the case "outside the impact of the three-year statute of limitations." *Franklin v. Albert*, 381 Mass. 611, 619, 411 N.E.2d 458 (1980). In support of her burden of proof, the plaintiff submitted transcripts from two depositions which indicate that she experienced her first memory of having been sexually abused in October 1985. She claims that these prove that her cause of action did not accrue until October 1985. Thus, she argues that the statute of limitations was tolled until that time, and that defendant's summary judgment motion should be denied.

As noted above, the governing statute of limitations mandates that a tort action "shall be commenced only within three years ... after the cause of action accrues." Mass.Gen.L. ch. 260, § 2A (1991). Because the Massachusetts legislature has not provided a statutory definition of when a cause of action accrues, this determination "has long been the product of judicial interpretation." *Franklin*, 381 Mass. at 617, 411 N.E.2d 458. The general rule is that a cause of action accrues on the date of plaintiff's injury. *See Joseph A. Fortin Constr., Inc. v. Massachusetts Housing Finance Agency*, 392 Mass. 440, 442, 466 N.E.2d 514 (1984). However, Massachusetts courts have recognized the unfairness of a doctrine that would require the statute of limitations to begin to run even before the plaintiff knew or reasonably should have known of the cause of action. *Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 205, 557 N.E.2d 739 (1990). Thus, Massachusetts courts have developed the "discovery rule." According to this rule, courts have held that a cause of action does not accrue until a plaintiff discovers, or reasonably should have discovered, that she may have been injured as a result of the defendant's conduct. *Riley v. Presnell*, 409 Mass. 239, 244, 565 N.E.2d 780 (1991); *Bowen*, 408 Mass. at 206, 557 N.E.2d 739.

Massachusetts courts have applied the discovery rule in a number of contexts, such as claims for legal malpractice, *Hendrickson v. Sears*, 365 Mass. 83, 89–90, 310 N.E.2d 131 (1974), real estate fraud, *Friedman v. Jablonski*, 371 Mass. 482, 485–86, 358 N.E.2d 994 (1976), products liability, *Cannon v. Sears, Roebuck & Co.*, 374 Mass. 739, 742, 374 N.E.2d 582 (1978), and medical malpractice, *Franklin*, 381 Mass. at 619, 411 N.E.2d 458. Although the Massachusetts Supreme Judicial Court has not squarely addressed the application of the discovery rule to tort claims by victims of incest who have no conscious memory of the sexual abuse until after the statute of limitations has expired, the court has applied this principle to an analogous medical malpractice claim against a psychotherapist for past sexual abuse. *Riley*, 409 Mass. at 243, 565 N.E.2d 780. In *Riley*, the plaintiff sought damages for the psychological and emotional injuries which stemmed from his former psychotherapist's inappropriate behavior, mainly sexual abuse, during the course of therapy from 1975 to 1979. *Id.* at 241–42, 565 N.E.2d 780. Plaintiff claimed that he did not realize the connection between his injuries and the therapy until 1984, when he met with another former patient of the therapist who shared similar emotional problems. When plaintiff filed suit in March of 1985, the defendant moved for summary judgment, arguing that these claims of abuse were barred by the statute of limitations because the last incident of abuse occurred more than three years before the filing of the claim.

In applying the discovery rule principles to *Riley*, the court reasoned that a cause of action will accrue when a plaintiff actually knows, or should have known, of the cause of action. Because the plaintiff introduced evidence to show that he did not have actual knowledge of the cause of action prior to his 1984 conversation with the other former patient, the court focussed on whether Riley should have known of his cause of action prior to that time. *Id.* at 245, 565 N.E.2d 780. In deciding this issue, the Court subjectively inquired whether a "reasonable person in the plaintiff's position would have been able to discern the harm

or the cause of the harm." *Id.* at 245, 565 N.E.2d 780; *see Bowen,* 408 Mass. at 208, 557 N.E.2d 739. If a reasonable, similarly situated person would not have been able to discern the harm or its cause, the Court noted, the cause of action will not accrue. *Riley,* 409 Mass. at 246–47, 565 N.E.2d 780. Thus, in those instances in which the injury caused by the defendant "by its very nature prevents the discovery of its cause," the court stated that the cause of action will not have accrued. *Id.* at 246, 565 N.E.2d 780.

Based on this standard, the court held that the trial court should not have granted summary judgment because a genuine issue of material fact existed as to when the plaintiff had known, or should have known, that he may have been injured by the defendant. *Id.* at 247, 565 N.E.2d 780. The court noted that the damage done by the therapist caused "great psychological harm" to the plaintiff, which prevented him from causally connecting the sexual abuse to his damage. *Id.* at 246, 565 N.E.2d 780.

■ Applying the court's reasoning in *Riley* to this case, the defendant's motion for summary judgment should be denied. As in *Riley,* the plaintiff in this action involves prior sexual abuse which plaintiff did not connect to her psychological injuries until after the three-year statute of limitations had expired. In order to determine if plaintiffs can bring a cause of action beyond that date, this Court must analyze when the cause of action accrued. As noted above, a cause of action will accrue when the plaintiff actually knew, or should have known, of the cause of action. In opposition to the defendant's motion, the plaintiff has submitted transcripts from her own deposition. These excerpts indicate that, prior to her October 1985 therapy session, she had no recollection of the years of abuse. Deposition testimony by her therapist Eileen Jacobsen also supports the contention that the plaintiff had no memory of the abuse prior to October 1985. Jacobsen indicated that the plaintiff had been her patient for one year before the plaintiff experienced her first memory of being sexually abused by her father. This unrebutted evidence indicates that the plaintiff had no actual knowledge of the sexual abuse prior to October 1985.

Given that there is a genuine issue as to whether the plaintiff had actual knowledge of the cause of action prior to the therapy session in October 1985, this Court must focus on whether the plaintiff should have known of her cause of action prior to that time. Applying the reasonable person test, this Court holds that a reasonable person in plaintiff's position would not have been able to discern the harm, or its cause, before her October 1985 session with her therapist. In so holding, the Court notes that the facts of the instant action are more compelling than *Riley.* Unlike Riley, plaintiff Hoult could not even consciously remember the sexual abuse itself, in addition to being unable to causally connect these prior injuries to her present psychological problems. Thus, this case is one of those instances the Supreme Judicial Court referenced in *Riley* in which the injury caused by the defendant "by its very nature prevents the discovery of its cause." *Id.* at 246, 565 N.E.2d 780.

■ This Court holds that the discovery rule should be applied to tort claims by victims of incest who have no memory of the sexual abuse until after the expiration of the statute of limitations. With respect to this discovery rule, plaintiff has presented evidence to the Court indicating that she had no knowledge of the cause of action, nor should she have known. Because there exists a genuine issue of material fact as to when plaintiff knew or should have known of the cause of action, defendant's motion for summary judgment should be denied.