Stearns, J.
Frustrated in its efforts to win redress from Falmouth Marine, Inc. [FMI], its original target, the plaintiff, G.S. Enterprises, Inc. [GSEI] now trains its sights on the attorneys, Posternak, Blankstein & Lund [PB&L] who were retained by FMI to file a lawsuit against GSEI. In essence, GSEI contends that PB&L conspired with FMI to slap GSEI with an extortionate “strike” suit. Before the court are PB&L’s motion for summary judgment and the motion of John B. Con-narton, Jr., in his individual capacity, to dismiss. Both defendants contend that GSEI’s claims are barred by the statute of limitations.
The underlying facts are set out in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262 (1991). GSEI had entered into a purchase and sale agreement to buy a boat yard from Ferranti Ocean Research Equipment, Inc. [FOREI]. Four days before the closing, FMI filed a lawsuit claiming that it had a prior legally binding agreement with FOREI to purchase the same yard. FMI demanded specific performance and recorded a lis pen-dens. In November 1986, a Superior Court judge dismissed FMI’s lawsuit and dissolved the lis pendens. FMI appealed. On February 19, 1987, FOREI, weary of the litigation, refused any further extension of the closing. FOREI eventually sold the boat yard to someone else.
After the Appeals Court dismissed FMI’s appeal, GSEI in May 1987, sued FMI alleging tortious interference with contractual relations and a violation of G.L.c. 93A. FMI resisted discovery of the decision-making process in bringing its lawsuit, asserting attorney-client privilege and the work product doctrine. In July 1988, FMI indicated to the court that it would raise an advice-of-counsel defense. After a Superior Court judge noted the inconsistency in FMI’s defenses, FMI in September of 1989 offered to waive all privileges and produce the relevant documents. “FMI did not soon thereafter act on this promise, but GSEI apparently made no effort to follow up on it . . . Four months later, in January 1990, FMI announced that it was retaining new counsel, as it intended to rely on the advice-of-counsel defense and the testimony of former counsel. FMI’s successor counsel notified GSEI that it was free to depose its predecessors relative to the advice-of-counsel defense, but GSEI made no effort to do so. Later that month and again in Febru-aiy, FMI’s successor counsel tried to deliver to counsel for GSEI documents, supplemental answers to interrogatories, and supplemental admissions concerning the advice-of-counsel defense. GSEI consistently refused to accept or examine this information.” 410 Mass., at 269-70. On March 12, 1993, GSEI brought this lawsuit against PB&L.[1]
DISCUSSION
GSEI’s claim of intentional interference with contractual relations is, of course, a tort claim. The statute of limitations for a tort action in Massachusetts is three years. G.L.c. 260, §2A. The applicable statute of limitations for an action brought under G.L.c. 93A, §11 is four years. International Mobiles Corp. v. Corron & Black/Fairfield & Ellis, 29 Mass.App.Ct. 215, 221 (1990).[2] Both claims are grounded in the same allegedly tortious conduct. A cause of action sounding in tort accrues at the time a plaintiff is injured. Joseph A. Fortin Construction, Inc. v. Massachusetts Housing Finance Agency, 392 Mass. 440, 442 (1984). The alleged injury in this case occurred on February 19, 1986, when FOREI refused any further extensions of GSEI’s right to purchase the boat yard. Ordinarily, then, the statute of limitations on the interference claim would have run on February 19, 1989, and on the Chapter 93A claim on February 19, 1990.
As a matter of fairness, however, the statute of limitations is tolled when a plaintiff has been injured by an inherently unknowable wrong. See Flynn v. Associated Press, 401 Mass. 776, 781 (1988). The so-called “discovery rule” stops the running of the statute of limitations until a plaintiff learns, or reasonably should have learned, that it has been harmed by a defendant’s conduct. Friedman v. Jablonski, 371 Mass. 482, 484-86 (1976). Bowen v. Eli Lilly & Co., 408 Mass. 204, 205 (1990).
Defendants contend that GSEI knew or should have known that it had been harmed by its allegedly meretricious advice to FMI no later than July 1988, when the advice-of-counsel defense was first raised. GSEI replies that it did not learn that it had been harmed until March 1990, when FMI’s principals filed affidavits in support of a motion for summary judgment revealing that they had fully disclosed the baselessness of their original claims to their PB&L attorneys. Prior to that time, GSEI alleges that defendants were engaged in a concerted scheme to affirmatively and fraudulently conceal the existence of GSEI’s cause of action. See Puritan Medical Center, Inc. v. Cashman, 413 Mass. 167, 175 (1992).
It is clear that GSEI had no means of discovering its cause of action prior to September 1989, when FMI relinquished its claim of attorney-client privilege and agreed to submit to discovery. It is also clear that GSEI should have known of its injuries at the hands of PB&L no later than January 1990. Unaccountably, GSEI refused to pursue the discovery it was offered, or even examine the materials that FMI’s successor attorneys attempted to provide. Because I conclude that January 1990, is the date as of which GSEI is charged with knowledge of its cause of action, I rule that the defendants are entitled to summary judgment/dismissal on Count I of the complaint. Because a four-year statute of limitations applies to Count II, summary judgment/dismissal on that Count will be denied.
ORDER
The motion of the defendants Posternak, Blank-stein & Lund for summary judgment is ALLOWED as to Count I and DENIED as to Count II. The motion of defendant John B. Connarton, Jr. to dismiss is ALLOWED as to Count I and DENIED as to Count II.

 Although GSEI’s lawsuit against FMI is still pending, FMI for all present purposes is bankrupt.

 I do not accept defendant PB&L’s “strong argument" that the Chapter 93A claim is governed by the three-year statute of limitations on attorney malpractice set out in G.L.c. 260, §4. GSEI has no standing to bring a claim against PB&L for malpractice.