Graham, J.
This is an action for damages arising out of the alleged sexual abuse of plaintiff Donna Legaski (“Legaski”) by defendant Charles William Melanson (“Melanson”). Melanson has moved to dismiss those counts (Counts I-IV) of the complaint pleaded against him, arguing that the complaint fails to state a claim upon which relief can be granted; that the statute of limitations has run; and that this court lacks jurisdiction over his person. For the reasons set forth below, defendant Melanson’s motion is DENIED.
BACKGROUND
The complaint alleges that defendant Charles William Melanson inflicted repeated acts of sexual assault and abuse upon plaintiff Donna Legaski when she was a child and lived with her mother[2] at Melanson’s home (Complaint, Introduction & ¶4).[3] The incidents of abuse “that the plaintiff currently recalls” took place in Malden, Middlesex County, Massachusetts and included “repeated instances of sexual assault and rape” (Complaint, ¶¶5-6). “Through the use of therapeutic intervention and treatment,” Legaski has “only begun to realize within the last 3 years, the causal connection” between Melanson’s alleged abuse and her “emotional, psychological and physical injuries” (Complaint, ¶10).
In Count I of the complaint, Legaski alleges that Melanson’s conduct, “including his physical and sexual touching,” was “harmful, offensive, intentional, unprivileged, unjustified and without the plaintiffs consent” (Complaint, ¶13). Legaski further alleges that, “[a]s a direct and proximate result” of Melanson’s “batteries,” she “has suffered severe and permanent psychological, emotional and physical damage for which she will require continued treatment, has lost wages, has suffered and continues to suffer a diminution of her earning capacity, and has suffered and continues to suffer other loss and damage” (Complaint, ¶14). In Count II, Legaski alleges that Melan-son, “by his conduct, intended to commit a harmful or offensive touching upon the plaintiff and committed overt acts in furtherance of that intent,” which caused Legaski “to be in fear of imminent bodily harm” and that, “(a]s a direct and proximate result” of Melanson’s “assaults,” she has suffered the injuries recited in Count I (Complaint, ¶¶16-18).[4] In Count III, Legaski alleges that Melanson’s conduct toward her was “intentional, outrageous, extreme, unjustifiable, beyond all possible bounds of decency, and is utterly intolerable in a civilized community,” that he “knew or should have known that his conduct would cause the plaintiff severe emotional distress” and that she did in fact suffer emotional distress with concomitant and consequential physical damage which continues to the present, as well as the other injuries recited in Counts I and II (Complaint, ¶20-22). Finally, in Count IV, Legaski alleges Melanson owed her “a duty ... to refrain from physically and sexually abusing her when she was child,” a duty he “repeatedly breached” by his abusive acts, and that, “(a]s a direct and proximate result” of Melanson’s “negligence,” she “has suffered and continues to suffer extreme emotional distress” as well as the damages recited in Counts I-III (Complaint, ¶¶24-26). She further alleges that her emotional distress resulted in “physical harm, which has manifested itself objectively, including, but not limited to insomnia, anxiety attacks, memory loss, weight gain, headaches, nausea, sexual dysfunction and other serious physical symptoms,” and that any reasonable person would have suffered emotional distress as a result of such negligence (Complaint, ¶¶27-28).[5]
DISCUSSION
Defendant Melanson has moved to dismiss the complaint, arguing (1) that the complaint fails to state a claim upon which relief can be granted; (2) that the statute of limitations has run; and (3) that this court lacks jurisdiction over his person.
Failure to State a Claim
In evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn *615 from them in the plaintiffs favor. Eyal v. Helen Broadcasting Co., 411 Mass. 426, 429 (1991) (citations omitted). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A complaint is not subject to dismissal if it can support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, supra, 378 Mass. at 89. Moreover, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Jenkins v. Jenkins, 15 Mass.App.Ct. 934 (1983) (rescript); Bell v. Mazza, 394 Mass. 176, 183 (1985). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
In the instant case, the allegations in the complaint support relief under three different theories of law. In Count I, the plaintiff alleges that defendant Melanson intentionally touched her without her consent in a harmful, offensive way and that she suffered severe and permanent psychological, emotional, and physical damage as a result. She further alleges, in Count II, that Melanson’s touching caused her to fear imminent bodily harm. Accepting these factual allegations as true, Eyal v. Helen Broadcasting Co., supra, 411 Mass. at 429, the court finds that the complaint supports relief under theories of assault and battery. See Le Saint v. Weston, 301 Mass. 136 (1938); Glover v. Callahan, 299 Mass. 55 (1937); Ross v. Michael, 246 Mass. 126 (1923); Commonwealth v. Stratton, 114 Mass. 303 (1873); Commonwealth v. Ruggles, 88 Mass. 588 (1863). In Count III, the plaintiff alleges that Melanson’s conduct toward her was “intentional, outrageous, extreme, unjustifiable, beyond all possible bounds of decency, and is utterly intolerable in a civilized community,” that he “knew or should have known that his conduct would cause the plaintiff severe emotional distress” and that she did in fact suffer emotional distress with concomitant and consequential physical damage. Again, accepting these allegations as true for the purposes of the present motion, the court finds that the complaint supports relief under the theory of emotional distress. See Agis v. Howard Johnson Co., 371 Mass. 140 (1976) (one who, by extreme and outrageous conduct and without privilege, causes severe emotional distress to another is subject to liability for such emotional distress even though no bodily harm may result; plaintiff must prove conduct was “extreme and outrageous,” “beyond all possible bounds of decency,” and “utterly intolerable to the community” and that emotional distress was “severe” and of a nature “that no reasonable man could be expected to endure”); Godbout v. Cousens, 396 Mass. 254 (1985) (plaintiff must establish that actor intended to inflict emotional distress or that he knew or should have known that emotional distress was likely result); see also Simon v. Solomon, 385 Mass. 91 (1982). Finally, in Count IV, Legaski alleges Melanson owed her a duty not to abuse her, that he repeatedly breached that duty, by his abusive acts, and that, as a direct and proximate result, she suffered damages, including physical injury, that any reasonable person would have suffered. These allegations, if true, support relief under a theory of negligence. Cannon v. Sears Roebuck & Co., 374 Mass. 739 (1978); Frasciello v. Baer, 304 Mass. 643 (1939).
Thus, because the complaint can support relief under at least one theory of law, it is not subject to dismissal under Mass.R.Civ.P. 12(b)(6). See Whitinsville Plaza, Inc. v. Kotseas, supra, 378 Mass. at 89. Although the complaint is based on what is, arguably, “a new or extreme theory of liability,” that, in itself, is no reason to dismiss the complaint. See New England Insulation Co. v. General Dynamics Corp., supra, 26 Mass.App.Ct. 28.
The Statute of Limitations
Section 2A of G.L.c. 260 requires that actions in tort be commenced “only within three years next after the cause of action accrues.” The legislature has not provided a statutory definition of when a cause of action accrues, and this determination “has long been the product of judicial interpretation.” Franklin v. Albert, 381 Mass. 611, 617 (1980). While the general rule is that a cause of action accrues when the plaintiff is injured, Fortin Constr., Inc. v. Massachusetts Housing Finance Agency, 392 Mass. 440, 442 (1984), courts, recognizing the unfairness of requiring the statute of limitations to rim even before the plaintiff knew or reasonably should have known of the cause of action, have developed the so-called “discovery rule,” according to which a cause of action does not accrue until a plaintiff discovers or reasonably could have discovered, that she may have been injured as a result of the defendant’s conduct. Riley v. Presnell, 409 Mass. 239, 244-47 (1991); Bowen v. Eli Lilly & Co., 408 Mass. 204, 205 (1990).
In Hoult v. Hoult, 792 F.Supp. 143 (1992), the court applied the Massachusetts “discovery rule” to a case which, like the instant case, was based on a woman’s regaining, through psychotherapy, what had been repressed memories of the sexual abuse she had suffered as a child at the hands of her father. Id. at 143. Holding that “the discovery rule should apply to tort claims by victims of incest who have no memory of sexual abuse until after the expiration of the statute of limitations,” the court in Hoult denied the defendant’s motion for summary judgment, since *616 “there exist[ed] a genuine issue of material fact as to when the plaintiff knew or should have known of the cause of action.” Id. at 145. In 1993, the legislature added section 4C to G.L.c. 260, specifically providing that “(a)ctions for assault and battery alleging the defendant sexually abused a minor shall be commenced within three years of the acts alleged to have caused an injury or condition or within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act, whichever expires later (emphasis provided).
In the instant case, the plaintiff has alleged that she had no knowledge of the cause of action nor could she have known of it until, “within the last 3 years,” she began to realize, “through the use of therapeutic intervention and treatment,” the “causal connection” between defendant Melanson’s conduct and her injuries. Applying the “discovery” rule of Riley v. Presnell and Bowen v. Eli Lilly & Co. and G.L.c. 260 §4C, the court concludes that the complaint is not barred by the statute of limitations.
Jurisdiction Over the Person of Defendant Melanson
Section 3 of G.L.c. 223A provides, in relevant part, that “[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising out of the person’s . . . (c) causing tortious injury by an act or omission in this commonwealth.”
In the instant case, the plaintiff has alleged that the sexual abuse she suffered at the hands of defendant Melanson occurred when she was a child and was living with her mother in her uncle (defendant Melan-son)’s house in Malden, Massachusetts. Melanson, a resident of Florida, is thus subject to the jurisdiction of the courts of Massachusetts through the “long arm” of G.L.c. 223A §3
After determining that the defendant’s conduct satisfies one of the statutory bases of jurisdiction under the Massachusetts longarm statute, however, the court must also decide whether the exercise of jurisdiction would satisfy the Fourteenth Amendment due process test of minimum contacts. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). Only when the assertion of jurisdiction is both authorized by statute and found to be consistent with basic due process requirements is jurisdiction permissible. Packard v. Packard, 34 Mass.App.Ct. 543, 548 (1993).
Jurisdiction is proper if the defendant has minimum contacts with the forum state, such that the lawsuit would not offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945). The defendant must also have purposefully availed himself of the “privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” Hanson v. Denckla, 357 U.S. 235, 253 (1958). The activities in the forum state must be of a nature that would allow a nonresident defendant to “reasonably anticipate being haled into court there.” World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).
In the instant case, defendant Melanson is currently a resident and citizen of the state of Florida, and the plaintiff has alleged no contact between defendant Melanson and Massachusetts since the time of the alleged sexual abuse (1958 and 1965, according to the defendant’s affidavit). Melanson was born in Massachusetts, however, and lived in the state his entire life until he retired to Florida in 1985. The tortious conduct that is the subject of the complaint is alleged to have taken place in the home Melanson owned in Massachusetts at the time of the alleged acts. During the many years he lived in Massachusetts, Melanson enjoyed the “benefits and protections of its laws,” and the court finds no offense to “traditional notions of fair play and substantial justice” presented by the state’s assertion of jurisdiction. Moreover, if the allegations in the complaint are true, Melanson cannot maintain that he could not “reasonably anticipate being haled into court” by the state where the acts occurred. Therefore, the court concludes that the due process requirement of “minimum contacts” for the court’s exercise of personal jurisdiction over defendant Melanson has been established.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss the complaint be DENIED.

 The complaint also alleges, in Count V, that her mother, co-defendant Jean Anne Pepe, was negligent for failing to intervene to protect her (Complaint, ¶¶7, 29-36).

 Defendant Melanson is plaintiff Legaski’s maternal uncle (Complaint, ¶8). The dates when plaintiff and her mother lived with defendant are not specified in the complaint, but defendant Melanson, in his affidavit attached to the motion to dismiss, indicates that plaintiff and her mother lived with him at his house in Malden “for about a year” in 1958 and again “for about one half of the summer of 1965” (Melanson Affid. ¶¶3-4).

 The recitation in Count II of the injuries suffered by Legaski is the same as that which appears in Count I except for a single additional word, viz.: “severe and permanent psychological, emotional and physical damage for which she will require continued specialized treatment” (Complaint, ¶18, emphasis added).

 Count V alleges the co-defendant’s negligence (Complaint, ¶¶29-36).